TEMPLE *v.* SYNTHES CORP., LTD.

No. 90–295.   Decided November 5, 1990

PER CURIAM.

Petitioner Temple, a Mississippi resident, underwent surgery in October 1986 in which a "plate and screw device" was implanted in his lower spine.   The device was manufactured by respondent Synthes Corp., Ltd. (U. S. A.) (Synthes), a Pennsylvania corporation.   Dr. S. Henry LaRocca performed the surgery at St. Charles General Hospital in New Orleans,

Louisiana.   Following surgery, the device's screws broke off inside Temple's back.

Temple filed suit against Synthes in the United States District Court for the Eastern District of Louisiana.   The suit, which rested on diversity jurisdiction, alleged defective design and manufacture of the device.   At the same time, Temple filed a state administrative proceeding against Dr. LaRocca and the hospital for malpractice and negligence. At the conclusion of the administrative proceeding, Temple filed suit against the doctor and the hospital in Louisiana state court.

Synthes did not attempt to bring the doctor and the hospital into the federal action by means of a third-party complaint, as provided in Federal Rule of Civil Procedure 14(a). Instead, Synthes filed a motion to dismiss Temple's federal suit for failure to join necessary parties pursuant to Federal Rule of Civil Procedure 19.   Following a hearing, the District Court ordered Temple to join the doctor and the hospital as defendants within 20 days or risk dismissal of the lawsuit. According to the court, the most significant reason for requiring joinder was the interest of judicial economy.   App. to Pet. for Cert. A–12.   The court relied on this Court's decision in *Provident Tradesmens Bank & Trust Co.* v. *Patterson*, 390 U. S. 102 (1968), wherein we recognized that one focus of Rule 19 is "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies."   *Id.*, at 111.   When Temple failed to join the doctor and the hospital, the court dismissed the suit with prejudice.

Temple appealed, and the United States Court of Appeals for the Fifth Circuit affirmed.   898 F. 2d 152 (1990) (judgt. order).   The court deemed it "obviously prejudicial to the defendants to have the separate litigations being carried on," because Synthes' defense might be that the plate was not defective but that the doctor and the hospital were negligent, while the doctor and the hospital, on the other hand, might claim that they were not negligent but that the plate was de-

fective. App. to Pet. for Cert. A–3. The Court of Appeals found that the claims overlapped and that the District Court therefore had not abused its discretion in ordering joinder under Rule 19. A petition for rehearing was denied.

In his petition for certiorari to this Court, Temple contends that it was error to label joint tortfeasors as indispensable parties under Rule 19(b) and to dismiss the lawsuit with prejudice for failure to join those parties. We agree. Synthes does not deny that it, the doctor, and the hospital are potential joint tortfeasors. It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. See *Lawlor* v. *National Screen Service Corp.*, 349 U. S. 322, 329–330 (1955); *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111, 132 (1912). See also *Nottingham* v. *General American Communications Corp.*, 811 F. 2d 873, 880 (CA5) *(per curiam)*, cert. denied, 484 U. S. 854 (1987). Nothing in the 1966 revision of Rule 19 changed that principle. See *Provident Bank*, *supra*, at 116–117, n. 12. The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U. S. C. App., p. 595. There is nothing in Louisiana tort law to the contrary. See *Mullin* v. *Skains*, 252 La. 1009, 1014, 215 So. 2d 643, 645 (1968); La. Civ. Code Ann., Arts. 1794, 1795 (West 1987).

The opinion in *Provident Bank*, *supra*, does speak of the public interest in limiting multiple litigation, but that case is not controlling here. There, the estate of a tort victim brought a declaratory judgment action against an insurance company. We assumed that the policyholder was a person "who, under § (a), should be 'joined if feasible.'" 390 U. S., at 108, and went on to discuss the appropriate analysis under Rule 19(b), because the policyholder could not be joined without destroying diversity. *Id.*, at 109–116. After examining the factors set forth in Rule 19(b), we determined that the

action could proceed without the policyholder; he therefore was not an indispensable party whose absence required dismissal of the suit. *Id.*, at 116, 119.

Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied. As potential joint tortfeasors with Synthes, Dr. La-Rocca and the hospital were merely permissive parties. The Court of Appeals erred by failing to hold that the District Court abused its discretion in ordering them joined as defendants and in dismissing the action when Temple failed to comply with the court's order. For these reasons, we grant the petition for certiorari, reverse the judgment of the Court of Appeals for the Fifth Circuit, and remand for further proceedings consistent with this opinion.

*It is so ordered.*