**In re RIO PIEDRAS EXPLOSION LITIGATION.**

**Civ. No. 96–2443CCC.**

United States District Court, D. Puerto Rico.

March 24, 1998.

Plaintiffs' Steering Committee, for Plaintiff.

Rivera, Tulla & Ferrer, Axtmayer Adsuar Muñiz & Goyco, Susman Godfrey, L.L.P., for Defendant.

**ORDER**

CEREZO, Chief Judge.

On the morning of November 21, 1996, an explosion occurred in downtown Rio Piedras, Puerto Rico, which resulted in 33 deaths and more than 80 persons injured. As a direct consequence of that explosion, 259 personal injury actions currently pend before the Court.

Before us is the Motion to Dismiss for Failure to Join an Indispensable Party and for Lack of Subject Matter Jurisdiction filed by defendant Enron Corp. (Enron) on March 10, 1997 (**docket entry 37**)[1], the Opposition filed by the Plaintiffs' Steering Committee (PSC) on July 1, 1997 (**docket entry 217**), Enron's Reply to the Opposition filed on

---

**1.** A review of the docket reflects that said motion refers to all but 12 of the consolidated cases. In

8 of the cases, the motion was joined by co-defendant Aetna Casualty and Surety Company.

August 8, 1997 (**docket entry 243**), and the PSC's Sur–Reply filed on October 2, 1997 (**docket entry 271**).

Enron's motion is brought under Federal Rule Civil Procedure 12(b)(1) (lack of jurisdiction over the subject matter) and 12(b)(7) (failure to join a party under Rule 19). Enron specifically claims, at page 2 of its motion to dismiss, that plaintiffs, as part of a "forum selection gambit," failed to join San Juan Gas Company, Inc. (SJGC) which is an indispensable party, and that its joinder would destroy diversity jurisdiction. In its Rule 19(a) analysis, it contends that SJGC is a necessary party under Rule 19(a)(1) because in its absence complete relief cannot be accorded among those already parties, and is also necessary under Rule 19(a)(2) because it has a strong interest in the subject matter of this case which it cannot fully protect as a nonparty. Specifically as to the latter, it states at page 8 of its dismissal motion that "San Juan Gas stands accused but cannot defend itself" and that "it is no answer that San Juan Gas' parent, Enron, is a defendant in the case."

It relies heavily on two cases of this District, *Lopez v. Shearson American Express, Inc.*, 684 F.Supp. 1144 (D.P.R.1988) and *Gay v. AVCO Financial Services, Inc.*, 769 F.Supp. 51 (D.P.R.1991). It cites *Lopez* at page 1147 of the opinion where the district court expressed its view that "[t]he law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party." The Court cited *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir.1985) as authority. In *AVCO*, at page 56, the district judge expressed his opinion "that *Pujol* (referring to *Pujol v. Shearson American Express, Inc.*, 877 F.2d 132 (1st Cir.1989)) stands for the proposition that the subsidiary is not a necessary party where the facts to be proven 'against' the subsidiary are not the ultimate facts needed to make the plaintiff's case, but are merely ancillary proof of the case which lies against the parent." Enron also cites *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987 (1st Cir.1986) and *Acton Co., Inc. of Mass. v. Bachman Foods,*

*Inc.*, 668 F.2d 76 (1st Cir.1982), arguing that subsidiaries—like San Juan Gas in this case—were found to be indispensable parties whose joinder was required.

*H.D. Corp.* involved contract claims where the Court concluded that plaintiffs, Delaware corporations with principal place of business in New York, could not proceed solely against the diverse defendant Ford Caribbean, a P.R. corporation which was a subsidiary of non-diverse defendant Ford, because Ford was an indispensable party to the lawsuit. That the lawsuit was strictly a contract action is clear from the following language of the opinion at p. 993: "Ford is a signatory to the termination and repurchase agreements which form the basis for counts two and three, count four alleges that Ford wrongfully induced Ford Caribbean to breach its termination and repurchase agreement with Ford Caribbean, and counts five and six allege breaches of the dealership agreements between Ford and Hull–Dobbs."

The First Circuit in *Acton*, at pages 81–82, referred to the case as "a relatively straightforward contract action" and emphasizes that its "conclusion that *Acton* is an 'indispensable' party under Rule 19(b) is supported by other cases holding that an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined."

We have highlighted these cases since they are representative of the case law cited by movant in support of its Rule 19 analysis that the subsidiary would be prejudiced if the lawsuit proceeded in its absence. Movant has also discussed other factors in its Rule 19(b) analysis such as that a judgment rendered without SJGC will not be adequate, and that plaintiffs have an adequate forum in the Commonwealth courts where other cases almost identical to the claims made here have been filed.

The Plaintiffs' Steering Committee filed an opposition on July 1, 1997 (**docket entry 217**). It asserts that its "claims are addressed at Enron, for Enron's direct involvement and negligence in its management, supervision and operation of the gas distribution system in Puerto Rico" and that

"Enron's liability, as alleged in the complaints, does not depend on San Juan Gas' or anyone else's liability." Opposition at p. 3. Plaintiffs contend that a Rule 19 analysis is not required if the absentee fails to satisfy the threshold standard of Rule 19(a). Although plaintiffs discuss the different factors of a Rule 19(a) analysis, and the primary participant argument, we shall only mention their discussion that SJGC need not be joined since, as a tortfeasor, it is not a necessary, much less and indispensable party. Plaintiffs rely mainly on case law of the Supreme Court of the Commonwealth of Puerto Rico, the Advisory Committee Notes to Rule 19(a), and the cases of *Pujol, supra,* and *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990).

The opposition was followed by a reply (**docket entry 243**) and a surreply (**docket entry 271**). Enron argues in its reply that the cases cited by plaintiffs in their opposition are distinguishable since the defendant and the alleged indispensable parties in those cases were not related entities. It attempts to diminish the impact of the clear holding of the *Pujol* decision by saying, at page 27 of its reply, that before *Pujol* the District Court of Puerto Rico had "made clear in *Lopez* that potential joint liability does not necessarily mean than an absent alleged joint tortfeasor is not an indispensable party." It also tries to bolster *Lopez* by asserting that this District Court "has continued to cite and follow *Lopez,* even after *Pujol,*" (*see* Reply, at p. 28) referring to the *Gay* opinion issued by the same judge who decided *Lopez.* The surreply filed by plaintiffs refers to what they call "the unqualified language of the Supreme Court in *Temple*" (Surreply, at p. 16) concerning a joint tortfeasor's status as that of a mere permissive party.

Rule 19 in its pertinent part provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Non-party SJGC, a corporation organized under the laws of Puerto Rico on May 21, 1983, is a wholly owned subsidiary of defendant Enron. As stated above, the event which triggered this litigation is an explosion which occurred on the morning of November 21, 1996 in Rio Piedras, Puerto Rico. Each party has emphasized those allegations of the complaint which they believe lend more support to their Rule 19 analysis. Plaintiffs, for example, focus on allegations made in individual complaints, which have since been in-

corporated into their tendered master complaint, such as the following:

Allegation 32: After the incorporation of San Juan Gas, Enron continued to be pervasively involved in the business carried out by San Juan Gas in Puerto Rico.

Allegation 33: The affirmative undertakings that Enron assumed generated a duty on its part to carry out safe operations in Puerto Rico.

Allegation 34: As a result of Enron's pervasive involvement and affirmative undertakings, the pipeline personnel in Puerto Rico lessened their responsibilities and/or relied on Enron for the management, direction and guidance of crucial aspects of the gas distribution system. Enron is responsible for all damages caused by this lessening of responsibilities and/or reliance.

Allegation 35: By its failure to act, Enron negligently induced San Juan Gas to continue using the pipeline system to provide gas service even when Enron knew or should have known that it was antiquated, had deteriorated over time and was a safety hazard due to the numerous gas leaks and related explosions that had been reported.

Allegation 36: Having assumed the responsibility to do so, Enron negligently failed to ensure that San Juan Gas' employees were adequately trained in the detection of gas leaks and the prevention of explosions.

Allegation 37: Having assumed the responsibility to do so, employees of Enron negligently failed to train and supervise personnel of San Juan Gas under their direction in safety and maintenance of the gas pipeline.

Enron, in turn, emphasizes allegations contained in the individual complaints against non-party SJGC. It reproduces the following allegations of the complaint filed in Civil No. 96–2498:

Allegation 14: San Juan Gas Co., failed to adequately train its employees in the detection of gas leaks and the prevention of gas explosions.

Allegation 17: [P]ersonnel of the San Juan Gas Co., negligently probed for gas leaks n the area in or near the Humberto Vidal building in Rio Piedras in Rio Piedras and provoked the explosion that caused plaintiffs' damages.... Inasmuch as San Juan Gas Co., with the knowledge and acquiescence of its parent corporation, Enron Corp., neglected to replace or correct the deteriorated and defective pipeline, they are liable for plaintiffs' damages.

■ Irrespective of where the emphasis on these allegations is placed, the inescapable conclusion is that Enron and SJGC are potential joint tortfeasors.

■ It is a long established rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. This rule was restated in *Pujol*, 877 F.2d at p. 137, and in *Temple*, 498 U.S. at p. 6–8, 111 S.Ct. at p. 316. In *Pujol*, the First Circuit assessed the potential damage to the subsidiary, stating: "[i]nsofar as Bonelli (coplaintiff) proves that Shearson and its Subsidiary are joint tortfeasors, a verdict in her favor conceivably could work to the Subsidiary's disadvantage in a later proceeding." 877 F.2d at p. 137. The Court went on to say, however, that "if one thing is clear in respect to Rule 19, it is that, unlike a person vicariously liable in tort, *see Freeman*, 754 F.2d at 559, a person potentially liable as a joint tortfeasor is *not* a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20." *Id.*, at p. 137 (emphasis in original). The Court cited the drafters of Rule 19, *Flynn v. Hubbard*, 782 F.2d 1084, 1089 (1st Cir.1986), *Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 505 (7th Cir.1980) and *United States v. Price*, 523 F.Supp. 1055 (D.N.J. 1981) in support of the principle that one tortfeasor does not compel the joinder of other tortfeasors.

*Temple*, decided a year later, also citing the Advisory Committee Notes to Rule 19(a), concluded that those non-parties which were potential joint tortfeasors with defendant Synthes "were merely permissive parties." 498 U.S. at pp. 6–8, 111 S.Ct. at p. 316. It held that the Court of Appeals erred when it found that the district court had not abused its discretion in ordering them joined as defendants. The Court of Appeals had precisely found that the claim against Synthes and

the non-party defendants "overlapped" and that the district court, therefore, had not abused its discretion in ordering their joinder under Rule 19.

It is interesting to note that, in *Temple*, the Court, confronted with a situation of potential joint tortfeasors, stated outright that although *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), "does speak of the public interest in limiting multiple litigation, that ... case is not controlling here." 498 U.S. at p. 7, 111 S.Ct. at p. 316.

The cases relied on by defendant Enron, particularly *Lopez* and *Gay*, are contract actions. As the Court of Appeals for the First Circuit observed in *Pujol*, that is a fundamental difference. The Court in *Pujol* placed squarely before itself the question of "*why* Rule 19 would treat 'joint tortfeasors' differently in this respect than, say, persons jointly liable under a contract." 877 F.2d at p. 137. It then cited cases such as *Acton, supra*, and *H.D. Corp., supra*, where joinder of all parties to the contract was required. After reviewing the possible reasons for the difference, the Court concluded that, "regardless of the reasons, this case presents no basis for ignoring such well established precedent." 877 F.2d at p. 137.

As in *Temple*, there is nothing in the state tort law contrary to the traditional rule that a tortfeasor with the usual joint and several liability is merely a permissive party to an action against another with like liability. In the Commonwealth of Puerto Rico, the Supreme Court has addressed the matter in, among other cases, *Rivera v. Great Am. Indemnity Co.*, 70 D.P.R. 825 (1950), and *Torres v. Autoridad Metropolitana De Autobuses*, 91 D.P.R. 714 (1965), holding that "where an injury is the result of the combined negligence of several persons, such persons are jointly and severally liable to the aggrieved party, the latter being entitled to bring action against one or all who caused the damage." 91 D.P.R. at p. 717.

Accordingly, the Court finds that San Juan Gas Company is not a Rule 19(a) party. Here as in *Temple*, "no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied." 498 U.S. at p. 8, 111 S.Ct. at p. 316.

San Juan Gas Corp., as a potential joint tortfeasor with Enron Corp, is merely a permissive party.

Finally, the primary participant argument has no place in this case. The joint tortfeasor rule, as it relates to Rule 19, does not allow for gradations in participation. To hold otherwise would destroy the long established rule against compelled joinder of joint tortfeasors which we have discussed above. The rule would have no logical meaning if joint tortfeasors perceived as primary participants, as opposed to others, could, because of such participation, attain a Rule 19(a) status that the rule otherwise denies them. *Pujol* itself rejected the district court's conclusion that the introduction of evidence showing that the subsidiary was an active participant in the overall sequence of events could prejudice the subsidiary unless joined in the lawsuit. *See Pujol*, 877 F.2d at p. 136.

On this matter Prosser has stated:

> When joinder is permitted, it is not compelled, and each tortfeasor may be sued severally, and held responsible for the damage caused, although other wrongdoers have contributed to it. The defendant cannot compel the plaintiff to make the others parties to the action, or complain because they have not been joined, or because the action against one is dismissed out of court, nor is it a defense that the defendant's own participation was slight in comparison with that of others not joined.

W. Page Keeton *et al., Prosser and Keeton on the Law of Torts,* § 47, at 327–28 (5th ed.1984).

For the reasons stated, the motion to dismiss filed by Enron (**docket entry 37**) is DENIED.

SO ORDERED.