# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 02-920
#### consolidated with 02-919 and 02-921

THURMAN WILLIAM DUNN, ET AL.

VERSUS

TUNICA-BILOXI INDIANS
D/B/A PARAGON CASINO RESORT, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

## ON REHEARING
ON APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2002-2906,
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, Michael G. Sullivan, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**Thibodeaux, C.J., concurs in part and dissents in part for the reasons assigned in *Bonnette v. Tunica-Biloxi Indians d/b/a Paragon Casino Resort*, 02-919 (La.App. 3 Cir. \_\_/\_\_/04), \_\_\_ So.2d \_\_\_.**

**AFFIRMED.**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**Post Office Box 426**
**Marksville, Louisiana 71351**
**(318) 253-6200**
**Counsel for Plaintiffs/Appellants:**
   **Lydia A. Bonnette, et al.**

**William B. Baggett**
**Wells Talbot Watson**
**Bagget, McCall, Burgess & Watson**
**Post Office Drawer 7820**
**Lake Charles, Louisiana  70606-7820**
**(337) 478-8888**
**Counsel for Plaintiff/Appellants:**
     **Lydia A. Bonnette, et al.**

**Shelly D. Dick**
**Forrester, Jordan & Dick**
**7809 Jefferson Highway, Suite G**
**Baton Rouge, Louisiana  70809**
**(225) 928-5400**
**Counsel for Defendant/Appellee:**
     **Tunica-Biloxi Indians d/b/a Paragon Casino Resort**

**R. Joshua Koch, Jr.**
**Spyridon, Koch & Palermo**
**3838 North Causeway, Suite 3010**
**Metairie, Louisiana  70002**
**(504) 830-7800**
**Counsel for Defendant/Appellee:**
     **Tunica-Biloxi Indians d/b/a Paragon Casino Resort**

**James H. Gibson**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, Louisiana  70502-3768**
**(337) 291-1000**
**Counsel for Defendant/Appellee:**
     **New Horizon Kids Quest, Inc.**

**George D. Ernest, III**
**Hurlburt, Privat & Monrose**
**Post Office Drawer 4407**
**Lafayette, Louisiana  70502-4407**
**(337) 237-0261**
**Counsel for Defendant/Appellee:**
     **Berg, Inc.**

**Patrick J. Hanna**
**Kay Karré Gautreaux**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, Louisiana  70503**
**(337) 981-0309**
**Counsel for Defendant/Appellee:**
     **Tunica Biloxi Construction Company**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**Post Office Box 710**
**Alexandria, Louisiana  71309**
**(318) 442-6611**
**Counsel for Defendant/Appellee:**
     **Glen Moreau d/b/a G. W. Moreau Metal Buildings, Inc.**

**Steven C. Judice**
**Keogh, Cox & Wilson**
**Post Office Box 1151**
**Baton Rouge, Louisiana  70821**
**(225) 383-3796**
**Counsel for Defendant/Appellee:**
    **Larry Stockwell Heating & Air Conditioning, Inc.**

**Richard D. Chappuis, Jr.**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, Louisiana  70502**
**(337) 232-9700**
**Counsel for Defendant/Appellee:**
    **Kirby M. Pecot d/b/a Pecot & Company Architects**

**Albert Dale Clary**
**Attorney at Law**
**4041 Essen Lane, Suite 500**
**Baton Rouge, Louisiana  70809**
**(225) 922-5110**
**Counsel for Defendant/Appellee:**
    **M & E Consulting, Inc.**

## ON REHEARING

For the reasons expressed in *Bonnette v. Tunica-Biloxi Indians d/b/a Paragon Casino Resort*, 02-919 (La.App. 3 Cir. __/__/04), ___ So.2d ___, on rehearing, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiffs/Appellants.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

02-919
consolidated with 02-920 an 02-921

LYDIA A. BONNETTE, ET AL.

VERSUS

TUNICA-BILOXI INDIANS D/B/A PARAGON CASINO RESORT, ET AL.

THIBODEAUX, C.J., concurring in part and dissenting in part.

I would deny in part and grant in part the application for rehearing filed by the plaintiffs.

While there is some support for a waiver of immunity by the Tribe in the Tribal-State Compact, that support is too ambiguous. A waiver of immunity must be clearly expressed and unequivocal. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies*, 523 U.S. 751, 118 S.Ct. 1700 (1998), though somewhat critical of the extension of sovereign immunity to non-traditional tribal enterprises such as gaming, nonetheless concluded that legislative action was necessary to extinguish tribal sovereign immunity. Like the United States Supreme Court, I entertain serious doubts about the propriety of sovereign immunity under the circumstances of this case. I am not prepared, however, to judicially impose limits where doubts still exist.

I continue to feel that the trial court's joinder of the Tribe as a party necessary for just adjudication is incorrect. In fact, I would go even further than the views expressed in my original dissent. Rather than remand for a full hearing to establish the relationship of the parties, I would reverse and render judgment.

Articles 641 and 642 of the Louisiana Code of Civil Procedure are patterned after Rule 19 of the Federal Rules of Civil Procedure. While there is a slight difference in language, the substance is substantially the same. Thus, *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 111 S.Ct. 315 (1990), is highly instructive. The Tribe is a potential joint tortfeasor just as the doctor and hospital were potential joint tortfeasors in *Temple*. The United States Supreme Court explained:

> It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." . . . There is nothing in Louisiana tort law to the contrary.

*Id*. at 7. (Citations omitted).

Louisiana Civil Code Article 2324 does not change the result. Article 2324 states that if liability is not solidary pursuant to paragraph A of that Article, then it is joint and divisible. In other words, Article 2324 changed the relationship of the parties in a tort action and thus affected the legal consequences flowing from that relationship. It does not say that all joint tortfeasors are necessary parties. In fact, as I see it, the companion to Article 2324, Article 2323, supports the plaintiffs. The majority opinion states that "[t]he facts as alleged suggest the *possibility* of independent negligence on the part of the Tribe as a joint obligor, but it is immune in state district court." However, Articles 2323 and 2324 both say that fault will be determined *regardless of immunity*.

While it is true that defendants other than the Tribe will be responsible only for their respective percentages of fault, the parties to the action (the plaintiffs and the remaining named defendants) will have complete relief vis-a-vis *each other*. If complete relief cannot be had except by joinder of all parties, that is, all joint tortfeasors, then how does one join a phantom tortfeasor? Does every party whose

2

fault or negligence causes injury have to be joined? No. Neither Article 2323 nor La.Code Civ.P. art. 1812(C) requires this. In fact, La.Code Civ.P. art. 1812(C)(2)(a) specifically refers to a "nonparty" whose fault can be determined and placed on a jury verdict sheet.

A likely interpretation of the majority opinion on the joinder of the Tribe is that all parties whose liability is joint and divisible must be parties necessary for just adjudication and, therefore, *must* be joined. While that tenuous conclusion may be reached on the basis of our decision today, it certainly is not the law and should not be the law.

*Temple* did not remand. *Temple* concluded that because the threshold requirements of Rule 19(a) (similar to Article 641) had not been met, no inquiry was necessary under Rule 19(b). (Similar to Article 642). Thus, rather than remanding. I would simply reverse.

I would also grant a rehearing and reverse on the question of consolidation. The error in joining the Tribe in the *Jeansonne* case is particularly glaring because the Tribe was not sued. The plaintiffs sued only Kids Quest. Kids Quest then filed a third party demand against the Tribe. The plaintiffs are seeking 100% of the damages against Kids Quest. Presumably, Kids Quest is seeking indemnity or contribution from the Tribe in the event it becomes liable in damages. The Tribe is not needed for complete relief. If Kids Quest is burdened with liability and damages, it can then proceed against the Tribe in tribal court, or state court for that matter. The Tribe will then assert any defenses it would have. Thus, it is not being prejudiced. Further, to allow the trial court to consolidate by comparing the petitions "side by side" in drawing a conclusion with regard to the existence of common issues of law and fact does not equate to a *hearing* and a *finding* as contemplated by La.Code Civ.P. art. 1561.

3

For the foregoing reasons, I respectfully concur in part and dissent in part.