**REYNA CAPITAL CORPORATION,**
**Plaintiff,**

v.

**MILLENNIUM LEASING AND**
**FINANCIAL SERVICES,**
**INC., Defendant.**

No. 3:06cv022.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 25, 2006.

Mary L. Wiseman, Coolidge Wall Womsley & Lombard, Dayton, OH, for Plaintiff.

Eric Peter Voigt, Faruki Ireland & Cox PLL, Gary William Gottschlich, Gottschlich & Portune, LLP, Dayton, OH, for Defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES AND MOTION FOR ABSTENTION (DOC. # 6); CONFERENCE CALL SET

RICE, District Judge.

Plaintiff Reyna Capital Corporation ("Plaintiff" or "Reyna") initiated this litigation, by filing its Complaint in the Common Pleas Court for Montgomery County, Ohio, from whence Defendant Millennium Leasing and Financial Services, Inc. ("Defendant" or "Millennium"), has removed it on the basis of diversity of citizenship.[1]

This litigation arises out of a number of related commercial relationships. In April, 2005, Electro Vision Signs & Displays, Inc. ("Electro Vision"), entered into a contract with Karplus Warehouse, Inc. ("Karplus"), whereby the former agreed to manufacture and install signs for the latter, in exchange for the payment of $170,000. Under that agreement, Karplus was obligated to pay Electro Vision $85,000, as a down payment, with the balance due when the signs were delivered. In order to finance its acquisition of the signs, Karplus entered into a lease agreement with Millennium. That lease agreement provided, *inter alia*, that Millennium would purchase the signs from Electro Vision for $170,000, and, in turn, lease them to Karplus. The lease was to run for 60 months, and Karplus had the right to purchase the signs at the conclusion of the lease for $1.00. The terms and conditions of the lease provided that delivery and acceptance of the signs was a condition precedent to Millennium's obligation to pay. On April 11, 2005, Millennium, in turn, sold and assigned the lease to Reyna. That transaction was recorded in a Bill of

---

1. A copy of Plaintiff's Complaint is attached to Defendant's Notice of Removal (Doc. # 1).

Sale and Assignment, executed by the parties.[2]

In its Complaint, Reyna alleges that at the time it entered into its agreement with Millennium, the latter presented fraudulent documents, indicating that the signs had been delivered to and accepted by Karplus and that Millennium had paid $170,000 to Electro Vision. In particular, Plaintiff has attached to its Complaint the allegedly fraudulent documents which it was given by Millennium, to wit: an undated Delivery and Acceptance Certificate executed by Karplus, indicating that the signs had been delivered, inspected, installed and were in good working order; a Verification Form signed by a representative of Millennium, indicating that it had verified that the signs had been received by Karplus from Electro Vision on April 8, 2005; and a letter from Millennium to Reyna, dated April 11, 2005, indicating that the former had paid $170,000 to Electro Vision and attaching a check in that amount made out to Electro Vision to that letter. Millennium has paid only $85,000 to Electro Vision, and the signs have neither been delivered to nor accepted by Karplus, notwithstanding the documentation Millennium furnished Reyna.[3] Although Plaintiff has repeatedly demanded that Millennium return the $85,000, which it (Defendant) has not paid to Electro Vision, Millennium has refused those demands.

Reyna filed its Complaint in the Common Pleas Court for Montgomery County, Ohio, on December 15, 2005. The following day, December 16, 2005, Defendant initiated an action in the Circuit Court for DuPage County, Illinois, which it has described as an interpleader action. In its Complaint, Plaintiff has set forth four claims for relief against Millennium. Its First Claim for Relief is for breach of contract. Reyna alleges that the Bill of Sale and Assignment executed by itself and Millennium constitutes a contract between the parties. Plaintiff alleges in that count that its obligation to pay Millennium was predicated upon the receipt and acceptance of the signs by Karplus and that Millennium was entitled to receive by that contract only the amount of funds necessary to pay Electro Vision to complete the signs. Plaintiff contends that Defendant breached that contract by creating false and fraudulent documents, misrepresenting the delivery of the signs to and acceptance of the signs by Karplus, as well as by falsely claiming to have paid Electro Vision. In its Second Claim for Relief, Reyna sets forth a claim of fraud, alleging that it relied to its detriment on the foregoing material misrepresentations by Millennium. In its Third and Fourth Claims for Relief, Plaintiff sets forth claims for an accounting and of unjust enrichment, both of which stem from the allegation that Millennium is wrongfully retaining $85,000. With its Complaint, Plaintiff seeks to recover not less than $170,000, as compensatory damages, pre and post-judgment interest, punitive damages in an amount exceeding $25,000, attorney's fees and the costs of this action.

This case is now before the Court on the Defendant's Motion to Dismiss for Failure to Join Necessary and Indispensable Parties and Motion for Abstention (Doc. # 6). As a means of analysis, the Court will briefly set forth its reasons for rejecting Defendant's request for abstention, before turning to the parties' arguments concerning the Defendant's request to dismiss in

---

**2.** Copies of the documents evidencing the foregoing transactions are attached to Plaintiff's Complaint.

**3.** Copies of those documents are also attached to Plaintiff's Complaint.

accordance with Rule 19 of the Federal Rules of Civil Procedure.

■ Defendant argues that this Court should abstain in accordance with the abstention doctrine established by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which permits a federal court to abstain in favor of a state court proceeding under very limited circumstances. Defendant suggests that this Court should abstain in favor of the action it initiated in DuPage County, Illinois, on December 16, 2005. Shortly before Millennium filed its motion in this proceeding, Reyna moved to dismiss that alleged interpleader action pending in DuPage County. Thereafter, the Illinois state court granted Reyna's motion and ordered the dismissal of that action, with prejudice. *See* Doc. # 17. Since there is no longer a pending state court action in favor of which this Court could abstain, if warranted under the limited circumstances identified in *Colorado River*, this Court overrules the branch of Defendant's motion with which it moves for abstention.

■ Millennium has also moved to dismiss this litigation under Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join necessary and indispensable parties as required by Rule 19. In particular, Millennium argues that Electro Vision, Karplus and Ali Mordarresi ("Mordarresi"), the President of Karplus, are necessary and indispensable parties. As a means of analysis, the Court will initially review the standards it must apply whenever a party argues that a case must be dismissed for failure to join necessary and indispensable parties.

Rule 19 provides:

Rule 19. *Joinder of Persons Needed for Just Adjudication*

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a

judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (6th Cir.2004), restated the three-part test that is applied to determine whether a case must be dismissed for failure to join an indispensable party, as required by Rule 19:

First, the court must determine whether the person or entity is a necessary party under Rule 19(a). *See Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (establishing that Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. *W. Md. Ry. Co. v. [Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C.Cir.1990) ] ("If the absentee should be joined, can the absentee be joined?"); 4 *Moore's Federal Practice* § 19.02[3][b], at 19–18 ("If the absentee is necessary iii the next question is whether joinder of the absentee is feasible."). Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. *W. Md. Ry. Co.*, 910 F.2d at 961 ("If the absentee cannot be joined, should the lawsuit proceed without [him or] her

nonetheless?"); 4 Moore's Federal Practice § 19.02[3][c], at 19–20 ("Once a necessary absentee's joinder is found infeasible, the court has only two options: to proceed or dismiss."). Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." 4 *Moore's Federal Practice* § 19.02[3][c], at 19–22.

*Id.* at 666. For reasons which follow, this Court concludes that Electro Vision, Karplus and Mordarresi are not necessary parties under Rule 19(a).[4] Therefore, it overrules the Defendant's motion, without considering whether Electro Vision, Karplus and Mordarresi can be joined or whether this litigation should be dismissed in their absence (i.e., if one or more or all of them cannot be joined).[5]

A necessary party under Rule 19(a) is either a person in whose absence complete relief cannot be accorded among those already parties, or a person who claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may impair or impede the person's ability to protect that interest or leave parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

■ Initially, the Defendant argues that, in the absence of Electro Vision, Karplus and Mordarresi, the Court cannot grant complete relief to itself (Millennium)

---

**4.** The question of whether an absent person is a necessary party is committed to the discretion of the District Court. *See Keweenaw Bay Indian Community v. State of Michigan,* 11 F.3d 1341, 1346 (6th Cir.1993) (indicating that this issue is reviewed under an abuse of discretion standard).

**5.** Millennium argues that this Court could not exercise personal jurisdiction over any of those absent persons.

and Reyna. *See* Doc. # 6 at 5–6. Millennium argues that, if this Court were to enter judgment in its favor, Reyna would be required to initiate an action or actions against Karplus, Mordarresi and/or Electro Vision in order to recover damages. Conversely, Defendant argues that, if Plaintiff prevails in this litigation, it will be required to initiate a lawsuit against those three parties in order to recover some or all of what it is required to pay Plaintiff in this litigation. *Id.* In its Reply Memorandum, Defendant elaborates on its assertion that complete relief cannot be accorded among the existing parties, without the joinder of Electro Vision, Karplus and Mordarresi. *See* Doc. # 12 at 5–6.[6] This Court does not agree.

In its Complaint, the Plaintiff has set forth four claims for relief. Each of those claims stems from its commercial dealings with Defendant, alone. For instance, Plaintiff's breach of contract claim arises out of Millennium's sale and assignment of its equipment lease with Karplus to Plaintiff, a contract to which Plaintiff and Defendant were the only parties. Plaintiff does not claim that Millennium breached a contract to which Plaintiff, Defendant and some combination of Electro Vision, Karplus and/or Mordarresi were parties. Not surprisingly, Plaintiff's fraud claim against Millennium arises out material misstatements allegedly made by the latter, rather than by Electro Vision, Karplus and/or Mordarresi. Similarly, Plaintiff's claim for an accounting is predicated upon the allegation that Millennium possesses $85,000, which rightfully belongs to it, while its claim for unjust enrichment is based upon the allegation that Defendant has been unjustly enriched by that sum. This is not to say that there is no relationship between Plaintiff's claims and Electro Vision, Karplus and Mordarresi. Certainly, Plaintiff and Defendant would not have entered into the commercial relationship which underlies this litigation, if Karplus had not agreed to purchase signs from Electro Vision and, further, if Millennium had not agreed to purchase those signs and lease them to Karplus. Nevertheless, there is no reason why complete relief on Plaintiff's claims cannot be afforded to the parties present, without the joinder of Electro Vision, Karplus and Mordarresi. The absent persons are not alleged to be parties to the contract between Reyna and Millennium, nor does Plaintiff base its fraud claim on alleged misrepresentations by any person or entity other than Millennium.[7]

Moreover, the decisions upon which Defendant relies do not support the proposition that Electro Vision, Karplus and/or Mordarresi are necessary parties under Rule 19(a)(1), because each is factually distinguishable. For instance, in *Soberay*

---

**6.** Defendant has attached a number of documents to its Reply Memorandum (Doc. # 12), including copies of complaints it has filed against Electro Vision and Karplus in Illinois state court. This Court has not considered those documents in ruling upon Defendant's motion to dismiss for failure to join indispensable parties, since such a motion is to be ruled upon on the basis of the pleadings at the time that joinder is proposed. *Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1124 (2d Cir.1990); 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604 at 39. The complaints and other documents were created and submitted after the Defendant had requested joinder.

**7.** One of the documents that Plaintiff attached to its Complaint is a copy of an undated Delivery and Acceptance Certificate executed by Karplus, indicating that the signs had been delivered, inspected, installed and were in good working order. Although that document was executed by Karplus, Plaintiff bases its claims on allegations that Millennium required Karplus to execute that document and that Millennium provided that document knowing that it was false.

*Machine & Equipment Co. v. MRF Ltd., Inc.,* 181 F.3d 759 (6th Cir.1999), the defendant, an Indian manufacturer, contacted the plaintiff, a dealer in used industrial machinery, about the availability of a second-hand calender, a piece of machinery used in the production of rubber products. In response, plaintiff indicated that two such machines were available. Defendant also communicated with an entity called International Polymer Equipment Corporation ("IPEC"). Ultimately, the defendant purchased a calender from IPEC and paid IPEC for that piece of machinery by letter of credit. However, IPEC had purchased the calender from the plaintiff. Although the defendant had paid IPEC the entire purchase price, the latter, due to financial difficulties, paid only part of the purchase price to plaintiff. Plaintiff subsequently initiated a lawsuit in the Northern District of Ohio against both defendant and IPEC, seeking to recover the sum that it had not received from IPEC. Thereafter, plaintiff sought leave to file an amended complaint, with which it, *inter alia,* dropped IPEC as a party defendant. Plaintiff also set forth in its amended pleading an agency theory of liability against defendant, alleging that IPEC had been acting as its (defendant's) agent, for the purpose of buying the calender from plaintiff. The defendant, in turn, moved to dismiss for failure to join an indispensable party, IPEC.[8] Although the District Court did not expressly rule on that motion, it implicitly overruled it by entering judgment in favor of the plaintiff. On appeal, the defendant argued that the District Court had erred in not dismissing the litigation for failure to join IPEC, an indispensable party. The Sixth Circuit agreed. With respect to the question of whether IPEC was a necessary party under Rule 19(a)(1), the Sixth Circuit reasoned that the alleged agent was such a party, because litigation against it was certain to follow, regardless of the outcome of plaintiff's suit against the defendant. In reaching that conclusion, the Sixth Circuit wrote:

> Although this Court has found that "Rule 19(a)(1) focuses 'on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person[,]' " *Sales v. Marshall,* 873 F.2d 115, 121 (6th Cir. 1989) (quoting *LLC Corp. v. Pension Benefit Guaranty Corp.,* 703 F.2d 301, 305 (8th Cir.1983)), *the likelihood that either party would have sought further legal recourse in this case is not speculative inasmuch as [the person needed for just adjudication] was a signatory to the contract for which Plaintiff seeks remuneration, and for which Defendant had already paid [the person needed for just adjudication] in full.* See Keweenaw [Bay Indian Community v. Michigan, 11 F.3d 1341, 1346–47 (6th Cir. 1993) ] (finding that the prospect of subsequent litigation between the absentee parties and those already parties to the suit was not speculative because the absentee parties were signatories to the treaty that was at issue).

*Id.* at 764 (emphasis added).

Simply stated, the relationship between the Plaintiff, Defendant and absent persons herein is not analogous to the relationship between the parties in *Soberay Machine* had with IPEC. The alleged agent in that litigation stood between the parties, defendant's theory being that IPEC had, independently of it, purchased the calender from plaintiff and sold it de-

8. Although IPEC had initially been joined as a defendant, both it and plaintiff were citizens of Ohio, meaning that joinder of IPEC would have destroyed complete diversity and the District Court's subject matter jurisdiction.

fendant, while the plaintiff asserted that IPEC had acted as the defendant's agent. In contrast, herein, Electro Vision did not have any sort of contractual relationship with any of the parties in this litigation, nor does Defendant contend that it was anyone's agent. Moreover, Karplus and Mordarresi are not parties to the contract for which Plaintiff seeks remuneration, nor has Defendant paid either of them the sum which Plaintiff seeks to recover in this litigation. Additionally, neither is alleged to be an agent of any party. While one or more of the absent parties may be independently liable to Defendant, it would be fanciful to argue that one of them is a necessary party to Plaintiff's claim of fraud against the Defendant. If the jury ultimately finds for Plaintiff on that claim, Defendant will be liable for compensatory and punitive damages, as well as for attorney's fees. It is difficult to imagine that any absent person could be liable to Defendant for contribution or indemnification on that claim,[9] let alone that one or more or all of them would be liable to Defendant in the same manner that IPEC would be liable to the defendant in *Soberay Machine*, because the defendant therein had paid IPEC the purchase price for the calender.

In addition, Defendant relies upon *Keweenaw Bay Indian Community v. State of Michigan*, 11 F.3d 1341 (6th Cir.1993). Therein, plaintiff was one of three successors to the Lake Superior Chippewa. The predecessor had entered into a treaty with the United States in 1842, which gave it fishing rights in a portion of Lake Superior. For a number of years, the plaintiff had entered into agreements with the other two successors, the Red Cliff and Bad River bands of Chippewa, allowing them to fish in what plaintiff deemed its home waters. After it refused to renew those agreements, the Red Cliff and Bad River bands continued to fish in those waters. Plaintiff then brought suit against Michigan, officials of the state and individual members of the two other bands, seeking to protect its fishing rights in Lake Superior, under the 1842 treaty. The District Court dismissed the case for failure to join indispensable parties, the Red Cliff and Bad River bands of Chippewa. The plaintiffs appealed, and the Sixth Circuit affirmed, concluding that the absent bands of Chippewa were necessary parties given that they were parties to the treaty which the plaintiff was attempting to enforce. Quite simply, none of the absent parties, which Defendant argues are necessary herein, is remotely analogous to a party to a treaty which another is attempting to enforce.

Plaintiff also relies upon *Ramco–Gershenson Properties, L.P. v. Hoover Annex Group LLC*, 228 F.R.D. 610 (E.D.Mich. 2005). Therein, the plaintiff purchased a number of limited liability companies, which owned a shopping center, from the defendants. Before purchasing the entities which owned the shopping center, however, the plaintiff had retained a company to perform an inspection of the premises. After that transaction, the plaintiff discovered that the roof of the shopping center was degraded by the presence of an environmental contaminant. The plaintiff then sued the defendants, seeking to recover damages it alleged to have suffered

---

9. *See e. g., Ohio Savings Bank v. Manhattan Mortgage Co., Inc.*, 2005 WL 1075054 (N.D.Ohio 2005) (in any action where the plaintiff had alleged that the defendant had breached the contract between the parties, noting that whether the defendant will seek contribution and/or indemnification from any other entity is not the basis for dismissal under Rule 12(b)(7) for failure to join indispensable parties and that it is sufficient for purposes of Rule 19(a) that the parties to the contract be parties to the action).

as a result of the presence of the contaminant. The District Court dismissed that lawsuit under Rule 19, for failure to join an indispensable party. In particular, the District Court concluded that the company that had provided inspection services was a necessary party under Rule 19(a)(1), because, under Michigan law, a seller does not conceal a condition and does not have a duty to disclose defects, when the buyer has a professional inspector. None of the absent persons in this litigation had an analogous relationship with the claims set forth in this litigation. None is alleged to be a party to the contract between Plaintiff and Defendant that the former alleges was breached by the latter. Moreover, Plaintiff alleges that it was defrauded by Defendant, rather than by Electro Vision, Karplus and/or Mordarresi.

Based upon the foregoing, the Court concludes that Electro Vision, Karplus and Mordarresi are not necessary parties under Rule 19(a)(1).[10] Accordingly, this Court overrules Defendant's Motion to Dismiss for Failure to Join Necessary and Indispensable Parties and Motion for Abstention (Doc. # 6).

Counsel should note that the Court has scheduled a telephone conference call on Wednesday, October 25, 2006, at 8:30 a.m., for the purpose of selecting a trial date and other dates leading to the conclusion of this litigation. Prior to that conference call, counsel must meet to discuss discovery needs, as required by Rule 26(f), and file the requisite report not later than the close of business on Monday, October 23, 2006. In addition, the parties must make the initial disclosures required by Rule 26(a)(1) within 15 calendar days from date.

Finally, Defendant must file its answer to Plaintiff's Complaint within 10 calendar days from date.

---

10. Defendant also argues that Electro Vision, Karplus and Mordarresi are necessary parties under Rule 19(a)(2), because of the risk of inconsistent verdicts. This Court cannot agree, since Plaintiff's claims against Defendant stem from the relationship between those entities (i.e., Defendant's alleged breach of the contract between those two and fraud). Therefore, even if there is subsequent, related litigation, the questions of whether Defendant breached its contract with Plaintiff or defrauded it will not be relitigated.