Bridget **MORENO**, Elia Quiroga, and David Ward, Individually and on behalf of others similarly situated, Plaintiffs,

v.

**EDCARE MANAGEMENT, INC.,** Defendant.

No. SA–07–CA–284–OG.

United States District Court, W.D. Texas, San Antonio Division.

June 13, 2007.

Richard J. Burch, Bruckner Burch PLLC, Houston, TX, James A. Jones, Gillespie, Rozen, Watsky & Jones, PC, for The plaintiffs.

Jeffrey M. Tillotson, John Volney, Lynn, Tillotson & Pinker, L.L.P., Dallas, TX, for The defendant.

## ORDER

ORLANDO L. GARCIA, District Judge.

Plaintiffs filed this suit under the Fair Labor Standards Act (FLSA) seeking additional compensation and injunctive relief based on allegedly unpaid overtime pay. Before the Court is defendant EDCare's motion to join a necessary party and to dismiss plaintiffs' claims against it. (Docket no. 5.)

### Joinder

EDCare first argues that plaintiffs have failed to join a necessary party, namely their employer, Southwest General Emergency Physicians, PLLC, of Texas. EDCare argues that it is not plaintiffs' employer, that Southwest is a professional limited liability corporation in which EDCare is not a member, and that the inclusion of Southwest is necessary to avoid the risk of multiple litigations and inconsistent obligations. Plaintiffs contend that EDCare is *an* employer of plaintiffs, it is therefore jointly and severally liable with Southwest for any FLSA violations, and Southwest is not a necessary party.

Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. FED. R. CIV. P. 19(a); *HS Resources, Inc. v. Wingate,* 327 F.3d 432, 438 (5th Cir.2003). The burden is on the movant to show that an absent party is necessary. *See Nottingham v. General Am. Commc'ns Corp.,* 811 F.2d 873, 880 (5th Cir. 1987) (rejecting defendant's argument to dismiss because the defendant failed to establish the necessary grounds).

All entities that are employers within the meaning of the FLSA are jointly and severally liable for all damages that stem from failure to comply with the provisions of the FLSA. *See Lee v. Coahoma County, Miss.,* 937 F.2d 220, 226 (5th Cir.1991), *mod. on other grounds,* 37 F.3d 1068 (5th Cir. 1993); *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984); 29 C.F.R. § 791.2(a). Rule 19 DOES NOT COMPEL THE JOINDER OF JOINT TORTFEASORS. *TEMPLE V. SYNTHES CORP., LTD.,* 498 U.S. 5, 7, 111 S.CT. 315, 112 L.ED.2D 263 (1990); *NOTTINGHAM,* 811 F.2D AT 880–81; *SEE* Fed.R.Civ.P. 19 ADVISORY COMMITTEE NOTES, 1966 AMENDMENT (RULE 19 DOES NOT ALTER THE "SETTLED AUTHORITIES HOLDING THAT A TORTFEASOR WITH THE USUAL 'JOINT AND SEVERAL' LIABILITY IS MERELY A PERMISSIVE PARTY TO AN ACTION AGAINST ANOTHER WITH LIKE LIABILITY."). NOR DOES RULE 19 REQUIRE JOINDER OF PERSONS AGAINST WHOM A PARTY

MAY HAVE A CLAIM FOR CONTRIBUTION. *ID.* ASSUMING FOR PURPOSES OF THIS MOTION THAT EDCARE IS AN EMPLOYER OF PLAINTIFFS, BECAUSE JOINT AND SEVERAL LIABILITY EXISTS UNDER THE FLSA, COMPLETE RELIEF CAN BE ACCORDED FROM EDCARE WITHOUT THE JOINDER OF SOUTHWEST. IN ADDITION, EDCARE HAS FAILED TO SHOW THAT IT MAY BE SUBJECT TO MULTIPLE OR INCONSISTENT OBLIGATIONS IF SOUTHWEST IS NOT JOINED. THEREFORE, SOUTHWEST IS NOT A NECESSARY PARTY AND ITS JOINDER IS NOT REQUIRED. *SEE* 16 J. Moore et al., Moore's Federal Practice § 107.14[2][c], P. 107–67 (3D ED. 2005) ("IN GENERAL, THE PLAINTIFF IS THE MASTER OF THE COMPLAINT AND HAS THE OPTION OF NAMING ONLY THOSE PARTIES THE PLAINTIFF CHOOSES TO SUE, SUBJECT ONLY TO THE RULES OF JOINDER [OF] NECESSARY PARTIES.").

### Dismissal

EDCare argues that plaintiffs' complaint lacks any factual allegations that would support a finding that EDCare is their statutory employer for FLSA purposes. A claim will not be dismissed on a FED. R. CIV. P. 12(b)(6) motion unless it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations, or that the allegations, accepted as true, do not present a claim upon which relief legally can be obtained. *Adolph v. Federal Emergency Management Agency,* 854 F.2d 732, 735 (5th Cir.1988). *See also* FED. R. CIV. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). The Court will accept the well-pleaded allegations in the compliant as true, construe those allegations in the light most favorable to the plaintiff, and draw all inferences in his favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992).

■ Plaintiffs assert in their complaint that EDCare is their employer and that they have been injured by EDCare's policy of failing to pay overtime for hours worked in excess of forty per week, factual assertions that must be accepted as true for purposes of a 12(b)(6) motion. EDCare offers an affidavit of its vice president of human resources and copies of redacted W–2 forms it claims are plaintiffs' in support of its argument that Southwest is plaintiffs' employer. In a 12(b)(6) motion, the Court may not go outside the pleadings but must accept all well-pleaded facts as true, viewing them most favorably to the plaintiffs. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. The Court may consider documents attached to the motion to dismiss only if those documents are referred to in the plaintiffs' complaint and are central to the plaintiffs' claim. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000). The plaintiffs' complaint does not refer to the documents attached to EDCare's motion. Therefore, the Court will disregard them.

■ Plaintiffs have alleged that EDCare is their employer and that it violated the FLSA. EDCare persists in labeling plaintiffs' allegation that EDCare is their employer as a legal conclusion disguised as a factual allegation. The Court does not agree. FED. R. CIV. P. 8(a) requires a short and plain statement of the claim showing that the plaintiffs are entitled to relief. The complaint need only "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1216 at 156–159). The contention that EDCare is plaintiffs' employer is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof. *See Tobin v. Chambers Const. Co.,* 15 F.R.D. 47, 49 (D.Neb. 1952) (dismissal not justified by complaint's failure to allege each and every factual element requisite to status as FLSA employer). Thus, the Court cannot say that plaintiffs can prove no set of facts within the framework of

their complaint that would support relief against EDCare.

EDCare's motion (docket no. 5) is DENIED.