# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD D. O'RANGERS,<br>Individually and on behalf of the ESTATE<br>of ABRAMO A. O'RANGERS<br><br>Plaintiff,<br><br>v.<br><br>CADIA REHABILITATION<br>SILVERSIDE, et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. N18C-12-253 DCS |

Submitted: February 12, 2019
Decided: April 8, 2019

*Motion to Dismiss–*
**DENIED**


**OPINION**


Robert J. Leoni, Esquire; Attorney for Plaintiff
Mark P. Merlini, Esquire and Mark G. Giannotti, Esquire; Attorneys for Defendants

**STREETT, J**

## Introduction

This is a nursing home negligence lawsuit with claims for survival and wrongful death. Cadia Health Care, LLC, et al.[1] (the "Defendants") assert that there are indispensable Pennsylvania entities ("Bryn Mawr") that cannot be made a party to the instant case and, therefore, request dismissal pursuant to Delaware Superior Court Civil Rule ("Rule") 12(b)(7)[2] and Rule 19.[3]

---

[1] The Defendants, here, are: Cadia Healthcare LLC; Cadia Medical Inc.; Onix Silverside LLC; Cadia Silverside; and Cadia Rehabilitation Silverside. The Defendants are Delaware entities.

[2] Delaware Superior Court Civil Rule 12(b)(7): "failure to join a party under Rule 19."

[3] Delaware Superior Court Civil Rule 19:

> (a) Persons to be joined if feasible. -- A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the Court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

> (b) Determination by Court whenever joinder not feasible. -- If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the Court include: First, to what

1

Plaintiff[4] filed the instant lawsuit in Delaware against Defendants and also filed a separate lawsuit in Pennsylvania against Pennsylvania entities.[5] Both lawsuits concern Plaintiff's father's injuries and death. A hearing was held on March 29, 2019 and the Court reserved decision. Upon consideration of the parties' submissions and arguments, Defendants' Motion is DENIED.

## Statement of Facts

It appears that Plaintiff's father, Abramo A. O'Rangers (the "Decedent") was under the care of Bryn Mawr Rehabilitation Hospital ("Bryn Mawr") from December 19, 2016 until December 31, 2016. Bryn Mawr is a Pennsylvania entity and located in Pennsylvania.[6]

---

extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

[4] Plaintiff, here, is: Richard D. O'Ranger (son of the Decedent Abramo A. O'Ranger) and the Estate of Abramo A. O'Ranger. Plaintiff is a Pennsylvania resident and the Decedent was a Pennsylvania resident.

[5] The defendants in the Pennsylvania action are listed as: Main Line Hospitals, Inc.; Main Line Hospitals, Inc. d/b/a/ Bryn Mawr Rehabilitation Hospital; Bryn Mawr Rehabilitation Hospital; Bryn Mawr Rehab Hospital. In the Motion to Dismiss in the instant case, Defendants refer to the defendants in the Pennsylvania action as the "Bryn Mawr defendants." In the Response to the Motion to Dismiss, Plaintiff refers to the Pennsylvania defendants as "Bryn Mawr." To avoid confusion, the Court will also refer to the Pennsylvania defendants as "Bryn Mawr."

[6] The facts relating to the occurrences in Pennsylvania come from the Plaintiff's complaint filed in the Pennsylvania action, Defendant's Motion to Dismiss in the instant case, and Plaintiff's Response in the instant case.

On December 31, 2016, the Decedent was transferred to Defendant's facility in Wilmington, Delaware.[7] Defendant had an ulceration in his sacral region when he was transferred.

Defendants are business entities organized in Delaware and located in Delaware. Defendants did business as Cadia Rehabilitation Silverside and/or Cadia Silverside, a provider of rehabilitation and nursing services in Wilmington, Delaware.

The Delaware Complaint alleges that Defendants provided care for the Decedent between December 31, 2016 and January 18, 2017; that Defendants were aware that the Decedent had difficulty walking due to a traumatic brain injury and vertebral compression; and that the Decedent would be at risk of falling while in Defendants' care.

On January 1, 2017, notwithstanding this information, the Decedent fell and suffered injury to his buttocks/sacral/coccyx area and elbow.

On January 2, 2017, the Decedent fell, again, and suffered a new deep tissue injury on his coccyx and/or exacerbation of pre-existing injuries to his buttocks/sacral/coccyx area.

---

[7] The facts relating to the occurrences in Delaware come from the Plaintiff's Complaint in the instant case.

3

On January 5, 2017, the Decedent fell for the third time and suffered injury and/or exacerbation of pre-existing injuries to his buttocks/sacral/coccyx area and elbow.

On January 15, 2017, the Decedent fell again.[8]

In addition, Plaintiff alleges that Defendants failed to provide precautions and protections relating to Decedent's tendency to fall; failed to provide precautions and protections to keep the Decedent's sacral decubitus ulcer/wound clean; allowed the Decedent to wear soiled diapers for "an unreasonable length of time;" and failed to administer appropriate or sufficient medication (or treatment) to treat the Decedent's sacral decubitus ulcer/wound.

On January 18, 2017, the Decedent was admitted to St. Francis Hospital in Wilmington, Delaware and remained there until February 6, 2017. While in the hospital, the Decedent underwent repeated procedures for the ulcer wound and surgery to place a diverting colostomy in an attempt to keep the wound area clean.

On February 6, 2017, the Decedent was discharged from St. Francis Hospital and transferred to Fair Acres, a nursing facility located in Media, Pennsylvania.

On March 31, 2017, the Decedent died at Fair Acres.

---

[8] The Delaware Complaint does not mention any injury resulting from this fourth fall.

4

On December 20, 2018, Plaintiff filed a lawsuit in Pennsylvania against Bryn Mawr.[9] The Pennsylvania complaint alleges that Bryn Mawr's negligence caused a pressure ulcer wound on the Decedent and that Decedent died as a result of Bryn Mawr's conduct.[10]

On December 27, 2018, Plaintiff filed this Delaware Complaint against Defendants asserting new injury and exacerbation of injury in a Survival Claim and a Wrongful Death Claim.

On February 12, 2019, Defendants filed a Motion to Dismiss for failure to name Bryn Mawr as a necessary party. On March 21, 2019, Plaintiff filed its Response.

On March 29, 2019, a Hearing on Defendants' Motion to Dismiss was held. The Opinion of the Court denying Defendants' Motion to Dismiss follows.

### Parties' Contentions

Defendants assert that the Delaware Complaint and the Pennsylvania Complaint involve the same pressure ulcer suffered by the Decedent. Defendants

---

[9] Plaintiff's Response, at para 2, states that Plaintiff filed the action against Main Line Hospitals, Inc., individually and doing business as Bryn Mawr Rehabilitation Hospital.

[10] In the Pennsylvania complaint, Plaintiff alleges that the Decedent developed a "full thickness pressure ulcer wound of the sacral region" due to Bryn Mawr's negligence, and the Decedent developed an infection as a result. In the Pennsylvania complaint, Plaintiff also alleges that "[o]n March 31, 2017, … Decedent died as a result of the injuries, medical conditions, and exacerbation of medical conditions and infections caused by [Bryn Mawr]. Both parties in the instant case concede that Bryn Mawr is a Pennsylvania entity and not subject to the jurisdiction of the Delaware courts.

contend that the Court cannot accomplish a fair allocation of responsibility for the alleged injury to the Decedent and, citing Rule 19, that Defendants have "…a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" because Bryn Mawr is alleged to have caused the "exact same harm" as Defendants.[11]  Hence, Defendants argue, Bryn Mawr is a necessary party to the instant action under Rule 19(a).

Defendants further assert that, because Bryn Mawr is not subject to jurisdiction in Delaware courts, it is not 'feasible' to join Bryn Mawr in the instant action.[12]  As such, Defendants contend that the four factors to be considered in Rule 19(b) weigh in favor of dismissing the instant action.

Defendants, applying those factors, argue that the absence of Bryn Mawr unfairly prejudices Defendants because Defendants will not have an opportunity to seek allocation of any potential judgement as to Bryn Mawr; that the prejudice cannot be lessened because Defendants will have no adequate remedy at law unless Bryn Mawr is included in the instant action;[13] that a judgment rendered in the absence of Bryn Mawr would not be adequate because Defendants would have no

---

[11] Defendant's Motion to Dismiss, at 4.

[12] *Id.* at 5.

[13] *Id.*

6

recourse against Bryn Mawr; and that dismissal will "not adversely impact [P]laintiff's ability to seek an adequate remedy in the Pennsylvania action."[14]

In addition, Defendants assert that *Graham v. State Farm Mutual Insurance Company*[15] and *Shahin v. UPS*[16] "stand for the proposition that dismissal is appropriate when a party not subject to the jurisdiction of Delaware Courts is alleged to have negligently caused the same harm complained of against the defendant over whom the Delaware Courts have jurisdiction."[17]

Plaintiff, in opposition, asserts that the Bryn Mawr defendant is not a necessary party to the Survival Claim or the Wrongful Death Claim. Plaintiff submits that some of the Decedent's Delaware injuries are separate and independent from the Bryn Mawr injuries. As such, Bryn Mawr is not an indispensable party. Plaintiff also argues that, to the extent that some of the injuries are the same, then Bryn Mawr is a joint tortfeasor which, under case law and Rule 19(a)[18], is not a necessary party. Plaintiff also asserts that the Court cannot weigh the four factors in

---

[14] *Id.* at 6.

[15] *Graham v. State Farm Mutual Insurance*, 2006 WL 1600949 (Del. Super. June 12, 2006).

[16] *Shahin v. United Parcel Service*, 2018 WL 2187842 (Del. Super. May 9, 2018).

[17] Defendant's Motion to Dismiss, at fn. 1.

[18] *Roberts v. Delmarva Power & Light*, 2007 WL 2319761 (Del. Super. Aug. 6, 2007).

7

Rule 19(b) and, even if the Rule 19(b) four factors are considered, each factor weighs against dismissal in the instant case.

Plaintiff contends that Defendants would not be prejudiced by a judgment in the absence of Bryn Mawr because the instant action alleges that some of the tortious Delaware activities are separate and distinct from the alleged acts of Bryn Mawr and have caused separate and distinct injuries;[19] the Court could provide instruction to the jury that Decedent resided in two separate facilities and the jury would be able to decide which injuries were caused by Defendants; the jury will only examine Defendants' conduct because Plaintiff has "alleged separate and distinct acts of negligence of the Defendants, not a single injury-causing event in which both Bryn Mawr and Defendants participated;"[20] and Plaintiff would be prejudiced by dismissal because Plaintiff would not have an adequate remedy for the injuries caused by Defendants.

At the March 29, 2019 hearing, Defendants acknowledged that Bryn Mawr is a joint tortfeasor concerning the Wrongful Death Claim but argued that there are exceptions to the rule that joint tortfeasors are not necessary parties. Defendants posit that joint tortfeasors become necessary parties when a plaintiff is claim splitting

---

[19] Plaintiff asserts that "Therefore, Defendants are required to defend their own actions, not the combined actions of both themselves and Bryn Mawr entities." Plaintiff's Response, at para. 10.

[20] Plaintiff's Response, at para. 12.

8

and when there is a pending case on the same issue in another jurisdiction.[21] Defendants contended that these exceptions apply to Plaintiff's Wrongful Death Claim.

As to the Survival Claim, Defendants asserted that Plaintiff is able to obtain full recovery in Pennsylvania[22] despite Defendants' concession that the Delaware Complaint alleges a Delaware elbow injury caused exclusively by Delaware Defendants and discovery would be required to determine whether Defendants' negligent conduct caused the elbow injury.

Plaintiff responded that the Delaware lawsuit is not claim splitting; that claim splitting and the pendency of a concurrent case are not exceptions to the rule on joint tortfeasors; that it is rare for courts to find exceptions to the rule; and that recent cases disfavor applying exceptions. Plaintiff's counsel also claimed that he is unaware of any Pennsylvania law that would allow Plaintiff to obtain full recovery for all of the Decedent's injuries.

---

[21] Defendants cited *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063 (Del. Ch. Dec. 23, 2008) for the proposition that claim splitting is an exception to the joint tortfeasor rule. Defendants cited *Graham* and *Shahin* for the proposition that the pendency of another action in another jurisdiction is an exception.

[22] Defendants did not provide authority supporting this claim.

## Standard of Review

When considering a Motion to Dismiss under Rule 12(b)(7) pursuant to Rule 19, the Court undertakes a two-pronged inquiry.[23] Based on the pleadings,[24] the Court must first determine whether the person (or entity) is a necessary party[25] and then determine an appropriate resolution.

A necessary party is defined in Rule 19(a).[26] Rule 19(a) states:

---

[23] *Roberts v. Delmarva Power & Light*, 2007 WL 2319761, at *2 (Del. Super. Aug. 6, 2007).

[24] *Id.* at *3 (The Court "will consider all well-pleaded facts in the complaint and accept them as true … [and] draw all reasonable inferences in favor of the non-movant.").

[25] The United States Supreme Court has defined necessary parties as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 739 (1977).

[26] In *Roberts v. Delmarva Power & Light*, the Delaware Superior Court held:

> First, the Court inquires whether the party is a necessary party under Rule 19(a). A party is necessary if:
> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Roberts v. Delmarva Power & Light*, 2007 WL 2319761, at *3 (Del. Super. Aug. 6, 2007). *See also Fedirko v. G&G Construction, Inc.* 2007 WL 1784184, at fn. 4 (Del. Super. May 18, 2007) ("The present version of Rule 19 does not use the word 'necessary.' It refers to parties who should be joined if *feasible.* The term *necessary* in referring to a Rule 19(a) analysis harks back to an earlier version of Rule 19. It survives in case law at the price of some confusion.") (emphases in original); *Hudson v. Bank of America, N.A.*, 2014 WL 4693242, at *3 (Del. Super. Sept. 16, 2014) ("…the Court inquires whether the party is a necessary party under Rule 19(a).").

A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[27]

Next, if it is not feasible to join the necessary party, then the Court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable."[28] To make this determination the Court considers the four factors found in Rule 19(b):

First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[29]

---

[27] Delaware Superior Court Civil Rule 19(a).

[28] Delaware Superior Court Civil Rule 19(b).

[29] *Id.*

11

## Discussion

Plaintiff's Delaware Complaint contains a Wrongful Death Claim and a Survival Claim. For the following reasons, neither claim makes Bryn Mawr an indispensable party and, therefore, dismissal is inappropriate.

Bryn Mawr is not a necessary party to the Wrongful Death Claim because it is a joint tortfeasor concerning the Decedent's death.[30] Plaintiff alleges in both the Delaware Wrongful Death Claim and the Pennsylvania complaint that Defendants are liable for the Decedent's death. Under the Delaware definition of joint

---

[30] *Roberts v. Delmarva Power & Light*, 2007 WL 2319761, at *3 (Del. Super. Aug. 6, 2007) ("joint tortfeasors are not necessary parties whose joinder is mandatory."); *Halpern Family Property Investment, L.P. v. Anderson*, 2011 WL 3568342, at *1 (Del. Super. June 11, 2011) ("… Mr. O'Brien's alleged contribution to the tortious injury would not make him an indispensable party. It may make him a joint tortfeasor, but it is well established that joint tortfeasors are not necessary parties."); *Winner Acceptance Corporation v. Return on Capital Corporation*, 2008 WL 5352063, at 17 (Del. Ch. Dec. 23, 2008) ("As this court previously has held, [a]lthough the joinder of [a third party] would alleviate the need for a second suit for contribution by [the defendants], if judgment goes against them, this does not make [the third party] indispensable.") (internal quotation marks removed); *Temple v. Synthes Corporation, LTD.*, 498 U.S. 5, at *7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Lomando v. United States*, 667 F.3d 363, 384 (3rd Cir. 2011) ("Furthermore, [i]t is well-established that [Federal Rule of Civil Procedure] 19 does not require the joinder of joint tortfeasors[;] [n]or does it require joinder of principal and agent.") (internal quotation marks removed) (quoting *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *Ospina v. Department of Corrections, State of Delaware*, 749 F.Supp. 572, 581 (Del. D. 1990) ("The settled rule in the Third Circuit is that a defendant's right to contribution or indemnity from an absent party does not render that absentee indispensable pursuant to Rule 19.").

Moreover, the Advisory Committee Notes to Rule 19(a) of the Federal Rules on Civil Procedure state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Quoted in *Temple v. Synthes Corporation, LTD.*, 498 U.S. 5, at *7 (1990).

tortfeasors,[31] and drawing all reasonable inferences in favor of Plaintiff, it appears that Defendants and Bryn Mawr are joint tortfeasors, both jointly or severally liable for the death of the Decedent. Moreover, Defendants admit that Bryn Mawr is a joint tortfeasor for the Wrongful Death Claim.[32]

In *Manley v. MAS Associates LLC*, the Delaware Supreme Court held that it is "well settled law that joint tortfeasors are not necessary parties whose joinder is mandatory, but merely permissive parties."[33] In *Robert v. Delmarva Power & Light*, the Delaware Superior Court held that it "can find no legally persuasive case law that alters the general rule that joint tortfeasors are not necessary parties whose joinder is mandatory" and concluded that cases finding an exception are rare and disfavored by subsequent courts.[34] Here, Defendants have not provided any law to support its assertion that an exception to the joint tortfeasor rule applies to Plaintiff's Wrongful Death Claim.

---

[31] "[J]oint tortfeasors means 2 or more persons jointly or severally liable in tort for the *same* injury to person or property, whether or not judgement has been recovered against all or some of them." 10 *Del.C.* § 6301 (emphasis provided) (internal quotation marks removed).

[32] *Campbell v. Robinson*, 2007 WL 1765558, at *2 (June 19, 2007) ("when the negligent acts of two or more persons concur in producing a single indivisible injury, such persons are jointly and severally liable, though there was no common duty, common design, or concerted effort." … "A defendant's status as a joint tortfeasor is generally based upon a reliable determination, either judicially or by admission, that the person is liable in tort.") (internal quotation marks removed).

[33] *Manley v. MAS Associates LLC*, 2009 WL 378172, at 2 (Del. Feb. 17, 2009).

[34] *Roberts v. Delmarva Power & Light*, 2007 WL 2319761, at *3 (Del. Super. Aug. 6, 2007).

Furthermore, despite Defendants' assertion at the hearing, pendency of an action in another jurisdiction does not appear to be an exception to the joint tortfeasor rule. *Shahin* and *Graham*, cited by Defendants, are factually distinguishable. Those cases involved a single event and did not appear to have other cases pending in other states.[35] The fact that Plaintiff, in the instant case, has a pending wrongful death claim in Pennsylvania does not provide an exception, here, to the joint tortfeasor rule.

So too, there is no merit to Defendants' argument that Plaintiff's Wrongful Death Claim is claim splitting which would cause an exception to the joint tortfeasor

---

[35] The *Graham* court stated that the Delaware action *should* be filed in New York "where full adjudication of the issues, and participation by all parties involved [in the incident] may occur." *Graham v. State Farm Mutual Insurance*, 2006 WL 1600949, at *2 (Del. Super. June 12, 2006) (emphasis added). So too, *Shahin* does not involve the existence of second pending case.

Furthermore, although *Shahin* and *Graham* appear to stand for the proposition that when a plaintiff alleges (in court filings) that two persons' distinct negligent conduct caused a single injury during a single event both persons may be necessary parties, the instant case does not appear to assert conflicting allegations of negligent conduct causing a single injury during a single event. Also, despite Defendants' assertions, *Shahin* and *Graham* do not claim to make exceptions to the well-established law that joint tortfeasors are not necessary parties, do not address the issue of whether joint tortfeasors are necessary parties, and do not appear to consider whether the absent persons were joint tortfeasors.

Additionally, Defendants' assertion that *Shahin* stands for the proposition that dismissal is appropriate when a party not subject to Delaware jurisdiction is alleged to have caused the same injury in the complaint against a defendant is without merit. In *Shahin*, the court noted that nothing prevented the plaintiff from joining UPS. Moreover, the Delaware Chancery Court, in a subsequent case, commented that *Graham* was "effectively vacated when the court subsequently granted reargument and reversed its decision." The Chancery Court referred to the cited statement in *Graham* as, "at most, dicta..." *Winner Acceptance Corporation v. Return on Capital Corporation*, 2008 WL 5352063, at fn. 96 (Del. Ch. Dec. 23, 2008).

14

rule.[36] Claim splitting occurs when a plaintiff sues the same defendant in different courts on different causes of action arising out of a common underlying nucleus of facts.[37] In view of the fact that the Delaware Wrongful Death Claim and the Pennsylvania lawsuit accuse different defendants of causing the same wrongful death, the instant case does not appear to be claim splitting.

Furthermore, when considering whether to dismiss (or stay) an action for claim splitting, Delaware courts apply a three-factor test developed in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[38]: "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?"[39] In the instant case, dismissal of

---

[36] *J.L. v. Barnes*, 33 A.3d 902, 918 (Del. Super. June 17, 2011) ("The claim splitting doctrine presumes that the interest of fairness will require a plaintiff to present all of his theories relating to one transaction in a single action."). *Cornerstone Technologies, LLC v. Conrad*, 2003 WL 1787959, at fn. 56 (Del. Ch. Mar. 31, 2003) ("[Delaware] … frown[s] on claim splitting. When a party can raise all claims it has against a defendant in one forum at one time, it is generally obligated to do so.").

[37] *Winner Acceptance Corp. v. Return on Capital Corp.*, cited by Defendants, held that the rule against claim splitting "is meant to prevent burdening the same defendant with duplicative proceedings in different courts brought by the same plaintiff based on different causes of action arising out of a common underlying nucleus of facts." *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *18 (Del. Ch. Dec. 23, 2008). In contrast, Plaintiff in the instant case have not burdened Defendants with duplicative proceedings in different courts.

[38] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281 (Del. Feb. 13, 1970).

[39] *LG Electronics, Inc. v. InterDigital Communications, Inc.*, 114 A.3d 1246, 1252 (Del. Apr. 14, 2015) ("Delaware courts considering a motion to stay or dismiss in favor of a previously filed action have applied *McWane* 's three-factor test … If all three criteria are met, *McWane* and its progeny establish a strong preference for the litigation of a dispute in the forum in which the first action was filed."); *BW Piezo Holdings LLC v. Phillips*, 2017 WL 1399746, at *5 (Del. Super.

15

the Delaware Wrongful Death Claim under the *McWane* test is inappropriate because there is no claim splitting, the Pennsylvania court is unable to address the wrongful death allegations against Defendants and provide complete justice,[40] the Pennsylvania and Delaware wrongful death claims do not involve the same defendants, and the wrongful death claims involve different allegations of negligent conduct (that resulted in the Decedent's death).

Because Bryn Mawr, as a joint tortfeasor, is not a necessary party under Rule 19(a), the Court cannot apply the four factors in Rule 19(b) to dismiss the Wrongful Death Claim under its equitable powers. The Delaware Superior Court held that "the general rule that tortfeasors are not necessary parties under Rule 19(a) prevents the Court from even reaching the Rule 19(b) issue and accessing the equitable power in Rule 19(b)."[41]

To the extent that Plaintiff has brought a Survival Claim in Delaware, Bryn Mawr is also not a necessary party.[42] The Delaware Complaint alleges some injuries

---

Apr. 18, 2017) ("the Delaware Supreme Court's *McWane* doctrine [has] been developed to minimize claims splitting.").

[40] *Maldonado v. Flynn*, 417 A.2d 378, 383 (Del. Ch. May 29, 1980) ("The rule against claim splitting cannot, however, entirely deny a plaintiff an opportunity to present his facts and theory of recovery. Therefore, where it appears that a plaintiff could not for jurisdictional reasons have presented his claim in its entirety in a prior adjudication, the rule against claim splitting will not be applied to bar this claim.").

[41] *Roberts v. Delmarva Power & Light*, 2007 WL 2319761, at *3 (Del. Super. Aug. 6, 2007).

[42] It does not appear that Bryn Mawr is a joint tortfeasor concerning the Survival Claim because this claim involves different injuries (joint tortfeasors involve the same injury). As such, the

16

(including an elbow injury and a new gash) that are independent of the injuries that Bryn Mawr is alleged to have caused in Pennsylvania. Contrary to Defendants' assertion that the Delaware Complaint and the Pennsylvania complaint allege the "exact same harm," Plaintiff, here, alleges injuries (other than the Decedent's death) that appear to be caused by the independent negligent conduct of Defendants over the course of 14 days while in Delaware.

Examples of independent conduct and harm in the Delaware Complaint are that Defendants knew that the Decedent was at risk of falling; that the Decedent fell four times while in Defendants' care; that Defendants took no precautions to prevent the Decedent from falling; and that the Decedent suffered injuries or exacerbation of the injuries as a result of the falls. The Delaware Complaint also alleges that Defendants, independently, took no measures to treat the Decedent's infected ulcer wound; did not provide timely hygiene practice; did not provide proper turning and/or repositioning procedures; failed to provide appropriate toileting protections to keep ulcer wound clean; allowed the Decedent to wear soiled diapers for an unreasonable length of time; and caused an elbow injury.

These allegations are specific to Defendants' conduct and a judgment on the Survival Claim in the instant case would only concern Defendants' alleged

---

Survival Claim does not trigger the rule that a joint tortfeasor is not a necessary party (or any exception to that rule).

17

negligence in Delaware. Bryn Mawr's alleged negligent conduct is separate from Defendants' alleged non-death negligence and injuries complained of in the instant action.[43] As such, complete and fair relief for the injuries inflicted on the Decedent prior to his death that are alleged in the Delaware Complaint can be accomplished in the absence of Bryn Mawr.

Although it is not necessary to consider the four factors in Rule 19(b) when the absent person is not a necessary party, as is the case here, dismissal of the Survival Claim would still be inappropriate even if the Court were to consider these four factors. The allegations against Defendants are independent of the allegations against Bryn Mawr and the absence of Bryn Mawr would not be prejudicial to Defendants;[44] measures to lessen prejudice are not necessary because Defendants are not prejudiced; for the reasons discussed above, a judgment rendered in the absence of Bryn Mawr will adequately address the allegations made in the Delaware Complaint; and if the instant case is dismissed, Plaintiff would have no adequate remedy for the alleged injuries in the Survival Claim because it appears that Defendants are not subject to the jurisdiction of Pennsylvania courts.

---

[43] If Plaintiff is alleging that Defendants exacerbated an injury that was originally caused by Bryn Mawr, Defendants would face liability for the *aggravation* of that injury that occurred after the Decedent entered Defendants' care. See *Maier v. Santucci*, 697 A.2d 747, 748 (Del. Aug. 5, 1997) ("aggravation of a preexisting condition is compensable under Delaware law.").

[44] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *17 (Del. Ch. Dec. 23, 2008) ("Defendants' desire to seek contribution or indemnification from the [absent party] does not justify classifying the [absent party] as indispensable.").

Moreover, in view of the fact that Defendants concede that discovery is needed, Defendants' Motion to Dismiss under Rule 12(b)(7) cannot be granted.[45]

Accordingly, as joint tortfeasors in the Wrongful Death Claim, Bryn Mawr is not a necessary party. So too, in view of the fact that the Survival Claim alleges independent injuries, Bryn Marw is not a necessary party.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

_____
Diane Clarke Streett, Judge

---

[45] *Rajamani v. Revways Corp.*, 2019 WL 169316, at *1 (Del. Super. Jan. 11, 2019) ("In ruling on a 12(b) motion, … [d]ismissal is warranted only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief.") (internal quotation marks removed); *Delaware Bldg. Supply, Inc. v. Barclay Farms Community, LLC*, 2009 WL 693258, at *1 (Del. Super. Mar. 16, 2009) ("when considering a motion to dismiss for failure to join a necessary party under Superior Court Civil Rule 12(b)(7), this Court *must accept all of Plaintiff's well-pleaded allegations in the Complaint as true*. If, after considering the motion, this Court finds sufficient allegations to support Plaintiff's claim, the motion to dismiss should be denied. This Court must draw all reasonable inferences in favor of the non-movant when reviewing the facts.") (emphasis provided) (internal quotation marks removed).