United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

—————————

m 04-30576

—————————

ELINA AUGUST, ET AL.,

Plaintiffs,

ELINA AUGUST; CASIMERE AUGUST, JR.; JASON AUGUST; MALCOLM AUGUST;
ANASTASIA PRINGLE; CHANTELL PRINGLE;
KENTON COUSIN,
ON BEHALF OF BRANDON PRINGLE;
ANUSKA FAVORITE; ERANA GUATIER; DANIELLE JARROW; SCHWANN IRONS;
MONICA LASALLE; AND THERESA MILLSAPS,

Plaintiffs-Appellants,

VERSUS

BOYD GAMING CORPORATION,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:03-CV-1431

—————————————

Before SMITH, DENNIS, and PRADO,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

The plaintiffs appeal the dismissal of their lawsuit under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. We reverse and remand.

I.

The plaintiffs, Louisiana residents, are decedents of Casimere August, who allegedly died from injuries suffered when he hit his head on a bathroom sink after slipping on water and urine that had accumulated on the floor at the Treasure Chest Casino. Basing jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, plaintiffs sued Boyd Gaming Corporation ("BGC"), a Nevada corporation that is the parent of the subsidiary that owned the casino, Treasure Chest Casino, LLC ("TCC"). The complaint alleged that BGC operated the casino and that the personal injuries were a result of BGC's negligence in knowing of the allegedly hazardous condition but failing to take necessary steps to correct it.

Plaintiffs filed an identical suit in Louisiana state court, adding as additional defendants TCC and Treasure Chest, Inc., both Louisiana corporations. The state suit was stayed on BGC's motion.

Shortly after the federal suit was filed, BGC moved to dismiss under rule 12(b)(7) for failure to join TCC as an indispensable party. The district court granted the motion to dis-

miss, finding that "equity would dictate that both parties be tried together."

II.

We review for abuse of discretion a dismissal for failure to join an indispensable party under rule 12(b)(7). *See HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). A prerequisite to a proper dismissal for failure to join an indispensable party is that the absent party, if added, would divest the court of subject-matter jurisdiction.

Then, resolution of the motion requires a two-step inquiry. First a court must determine whether a party should be added under the requirements of Federal Rule of Civil Procedure 19(a); then the court must determine whether litigation can be properly pursued without the absent party under Federal Rule of Federal Procedure 19(b). *See HS Resources*, 327 F.3d at 439. If the absent party should be joined under rule 19(a), but the suit cannot proceed without that party under the requirements of rule 19(b), the case must be dismissed.

The parties do not contest that adding TCC would deprive the district court of federal jurisdiction because it would destroy complete diversity of citizenship. We therefore proceed to determine whether TCC should be joined under rule 19(a).

Plaintiffs argue that the district court abused its discretion in finding that TCC was a necessary party under rule 19(a) because, they claim, TCC was at most subject to joint-and-several liability along with BGC, and as a result is not a necessary party as a matter of law under *Temple v. Synthes Corp.*, 498 U.S. 5 (1990). In *Temple,* the plaintiff was injured after surgery that implanted a device into his spine that broke inside his body. *See id.* at 5. The plaintiff filed a federal diversity suit

[*] Pursuant to 5TH CIR. R. 47.5, this court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

against the manufacturer and simultaneously filed a negligence suit in state court against the hospital and the doctor who had performed the operation. *See id.* at 6. The district court dismissed the suit with prejudice based on the interests of judicial economy, citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116-17 n.12 (1968), in which the Court recognized that one goal of rule 19 is "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Id.* We affirmed on the ground that the district court did not abuse its discretion in ordering joinder under rule 19, because the claims "overlapped." *Id.* at 7.

The Supreme Court reversed for abuse of discretion, holding that joint tortfeasors are not necessary parties as a matter of law. *See id.* The Court cited the longstanding rule that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit" and noted, by citing the advisory committee note to rule 19(a), that nothing in rule 19 "changed that principle." The Court concluded that "no inquiry under Rule 19(b) [was] necessary, because the threshold requirements of Rule 19(a) [had] not been satisfied." *Id.*

Plaintiffs assert that because BGC and TCC are potential joint tortfeasors,[1] TCC is not a necessary party under *Temple*, so the district court abused its discretion in dismissing. Although BGC acknowledges the validity of the *Temple* rule, it asserts that the rule is inapplicable here because it claims that BGC has no direct tort liability for failure to supervise

and/or train the personnel, or maintain the premises of the Treasure Casino, because TCC is the only entity potentially liable for such. BGC cites the general tenet of Louisiana corporate law that a parent corporation has no duty to control the activities of subsidiaries or to ensure that they are complying with duties owed to third persons;[2] BGC also relies on evidence that TCC managed the casino. BGC thus concludes that its tort liability is not joint and several and is at most derivative of and secondary to TCC's liability.

Despite BGC's arguments, there is sufficient evidence in the record to support a theory of direct liabilitySSevidence that BGC at least may have at least assumed a duty to operate and manage the casino. First, Plaintiffs point to a "Management Agreement" between the parties according to which BGC assumed the duty and responsibility to "supervise and direct the management and operation of the [casino]" and to "hire, supervise and terminate all personnel of [the casino]." BGC claims this agreement no longer represents the actual operating structure of the enterprise, but it does not point to anything in the record to support this contention that the agreement is no longer valid.

Moreover, beyond the agreement, plaintiffs have identified evidence that the casino holds BGC out as its operatorSSthe record reflects that the casino's website states that "[t]he Chest is owned and operated by parent com-

---

[1] In their state court complaint, plaintiffs alleged that BGC and TCC jointly own and operate the Treasure Chest Casino, are each responsible for knowingly ignoring a dangerous condition; plaintiffs prayed for a judgment "jointly, severally, and *in solido . . . .*"

[2] *Bujol v. Entergy Servs., Inc.,* 2004 La. LEXIS 1784, at *27-*28 (La. May 25, 2004) ("While generally a parent corporation, by virtue of its ownership interest, has the right, power, and ability to control its subsidiary, a parent corporation generally has no duty to control the actions of its subsidiary and thus no liability for a failure to control the actions of its subsidiary.").

pany, Boyd Gaming Corporation, which is one of the most highly respected in the gaming industry." The plaintiffs are not relying on BGC's mere status as the parent corporation in establishing its ground for tort liability; rather, they have alleged an independent, direct ground for liability. Based on this theory, TCC is a joint tortfeasor, and BGC's attempt to distinguish *Temple* fails.

In sum, plaintiffs have adequately alleged a ground for direct liability on the part of BGC, based on evidence that it may have assumed a duty through contract to supervise and train employees and maintain the premises at the casino. It follows that the district court abused its discretion in deciding to dismiss under rule 12(b)(7), because TCC is not a necessary party as a matter of law, based on the unqualified, broad rule established by *Temple*, that joint tortfeasors are not necessary parties.

REVERSED and REMANDED.