# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20354

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2020

Lyle W. Cayce
Clerk

RAJET AEROSERVICIOS S.A. DE C.V.,

Plaintiff - Appellant

v.

LUIS CARLOS CASTILLO CERVANTES,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4441

Before OWEN, Chief Judge, and BARKSDALE and DUNCAN, Circuit Judges.

PER CURIAM:*

At issue in this diversity action is whether the district court erred by: granting defendant-appellee's motion to dismiss for *forum non conveniens* (FNC); and *sua sponte* dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(7). VACATED and REMANDED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-20354

I.

Rajet Aeroservicios S.A. de C.V. (Rajet), owned by Luis Alfredo Rayet Diaz (Rayet), is a Mexican charter-flight company. It filed this diversity action against Luis Carlos Castillo Cervantes (Castillo), a dual citizen of the United States and Mexico who resides in the Southern District of Texas, claiming, *inter alia*, Castillo breached an oral contract and seeking payment of unpaid invoices, totaling approximately $1.3 million, for flights from April 2015 through June 2016. Through the documents identified after the following statement of facts, the parties dispute many of the underlying facts giving rise to this action.

Rajet, for its part, alleges it began a contractual relationship with Castillo for charter flights as early as 2002. Further, Rajet alleges the relationship was between it and Castillo personally, despite Rayet's agreeing, on Rajet's behalf, that it would accept payment from various of Castillo's companies on his behalf. According to Rajet, Castillo and Rayet ultimately agreed, during a 2014 telephone conversation, that Rajet would undertake the flights at issue for Castillo, which Rajet alleges included cross-border flights to Texas. Rajet also alleges: following this conversation, although Castillo made 35 payments, through five of his companies, for the agreed-upon flights, he failed to pay the account balance of approximately $1.3 million. Castillo, according to Rajet, never denied the agreement existed or contended a third party owed the debt.

Castillo, by contrast, alleges he never personally contracted, or even communicated, with Rajet regarding private air travel. Although Castillo acknowledges that he was the administrator for Lucamax, a company that ordered and paid for flights by Rajet, he alleges Lucamax was the party to any contract with Rajet and Lucamax staff handled any communications with it. Further, Castillo alleges: Lucamax did not order the specific flights at issue,

2

which, contrary to Rajet's allegation, all occurred in Mexico.  Rather, according to Castillo, Rajet provided them for Baltazar Manuel Hinojosa Ochoa's (Hinojosa) 2016 campaign for Governor of Tamaulipas, Mexico.  Castillo alleges:  Lucamax recommended Rajet to Hinojosa's campaign, with which Castillo was involved; and the campaign is responsible for paying Rajet's unpaid invoices.

After Rajet filed its complaint in November 2018, Castillo filed:  a motion to dismiss for FNC or, alternatively, to transfer venue; and a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Rajet responded to each motion, and Castillo filed replies.

The parties provided limited evidence regarding FNC.  Rajet attached to its complaint an unsworn declaration from Rayet, a demand letter from its counsel to Castillo, and Spanish-language documentation showing the transaction history between Rajet and Castillo.  In support of his motion to dismiss for FNC, Castillo provided his affidavit and an email chain comprised of two emails, both sent by Rajet's counsel.  Rajet's response attached only a new, unsworn declaration from Rayet.  To his reply, Castillo attached his new affidavit, the same email chain from his motion, and a one-page letter from Lucamax's counsel responding to Rajet's demand letter.

In May 2019, the court ruled, and rendered final judgment without prejudice, granting Castillo's motion to dismiss for FNC, but failing to include the required return-jurisdiction provision, and also *sua sponte* independently dismissing the action pursuant to Rule 12(b)(7) for failure to join a required party.  *See* Memorandum and Order, *Rajet Aeroservicios S.A. de C.V. v. Luis Carlos Castillo Cervantes*, No. 4:18-cv-04441 (S.D. Tex. 17 May 2019) (Order). In doing so, the court noted its FNC ruling rendered moot Castillo's motions to transfer venue and to dismiss pursuant to Rule 12(b)(6).

No. 19-20354

II.

Rajet challenges the court's dismissing the action both for FNC and *sua sponte* pursuant to Rule 12(b)(7).  Both challenges succeed.

A.

FNC dismissals are "committed to the sound discretion of the trial court" and "may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference".  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citations omitted).  We are "to review the [district] court's decisionmaking process and conclusion and determine if it is reasonable; our duty is not to perform a *de novo* analysis and make the initial determination for the district court".  *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th Cir. 1987) (en banc) (italics added and citation omitted), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Pampin Lopez*, 490 U.S. 1032 (1989), *opinion reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989) (en banc) (per curiam).

For starters, Rajet claims the court abused its discretion by failing to include the requisite return-jurisdiction clause in its order of dismissal.  More fundamentally, Rajet also claims the court abused its discretion by conducting an inadequate FNC analysis that neither considered relevant evidence nor properly applied the various elements of the FNC doctrine.  We agree regarding both claims.

"[FNC] dismissals and federal venue transfers are entirely distinct schemes."  *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983).  Federal venue-transfer statutes "facilitat[e] easy change of venue within a unified federal system", *see id.* (internal quotation marks and citation omitted), whereas "[t]he common-law doctrine of [FNC] has continuing

application [in federal courts] only in cases where the alternative forum is abroad . . . and perhaps in rare instances where a state or territorial court serves litigation[] convenience best", *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (third alteration in original) (internal quotation marks and citations omitted).

"[A] federal court sitting in a diversity action is required to apply the federal law of [FNC] when addressing motions to dismiss a plaintiff's case to a foreign [*i.e.*, non-federal] forum". *Air Crash Disaster*, 821 F.2d at 1159. "The general principle of the [federal FNC] doctrine is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999) (internal quotation marks and citation omitted).

The doctrine "presupposes at least two forums where the defendant is [amenable] to process and simply furnishes criteria for choice between them", and courts follow a two-step inquiry, focused on convenience, when analyzing a motion to dismiss for FNC. *See id.* (citations omitted). First, and obviously, there must be an adequate and available alternative forum. *See id.* (citation omitted). "An alternative forum is adequate if the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in [a federal] court." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003) (internal quotation marks and citation omitted). "An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." *Id.* (citation omitted).

"[O]nce an adequate and available alternate forum is identified, several 'private' and 'public' interest factors must be balanced in order to determine if dismissal is warranted". *Dickson*, 179 F.3d at 342 (citation omitted). Private-interest factors, relating to *litigant convenience*, include:

relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper*, 454 U.S. at 241 & n.6 (citations omitted). Public-interest factors, relating to *forum convenience*, include:

administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (internal quotation marks and citations omitted).

"[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum". *Id.* at 255. This presumption, however, is weaker with, as in this instance, a foreign plaintiff. *Id.* at 256 (citations omitted). In any event, "no one private or public interest factor should be given conclusive weight", and "dismissal for [FNC] is the exception rather than the rule". *Air Crash Disaster*, 821 F.2d at 1163, 1164 n.26 (citation omitted).

The moving defendant bears the burden on all elements of the FNC inquiry. *Id.* at 1164 (citations omitted). In this regard, "we require a defendant to put forth unequivocal, substantiated evidence presented by affidavit testimony". *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 n.14 (5th Cir. 1991) (citation omitted). Along that line, "a moving defendant need not submit overly detailed affidavits to carry its burden, but it must provide enough information to enable the district court to balance the parties['] interests". *Air*

No. 19-20354

*Crash Disaster*, 821 F.2d at 1164–65 (internal quotation marks and citation omitted). And, "[a]lthough the level of detail required is dependent on the facts of each particular case, the defendant must at least allege detailed facts in its motion for dismissal which, if not controverted, are sufficient to support [an FNC] dismissal". *Raytheon Eng'rs & Constructors, Inc. v. H L H & Assocs. Inc.*, No. 97-20187, 1998 WL 224531, at *4 (5th Cir. 17 Apr. 1998) (per curiam) (citations omitted).

1.

In general, a return-jurisdiction clause in a dismissal for FNC "permit[s] parties to return to the dismissing court should the lawsuit become impossible in the foreign forum". *Vasquez*, 325 F.3d at 675. All FNC dismissals must include such a clause. *See id.* ("The failure to include a return[-]jurisdiction clause in an [FNC] dismissal constitutes a *per se* abuse of discretion." (internal quotation marks and citation omitted)); *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 908 (5th Cir. 1997) ("[T]he failure to include a return[-] jurisdiction clause is a fatal error". (citing *Baris*, 932 F.2d at 1551)).

This is because, as our court has repeatedly made clear, "courts must take measures, as part of their dismissals in [FNC] cases, to ensure that defendants will not attempt to evade the jurisdiction of the foreign courts". *Baris*, 932 F.2d at 1551. Notably, "[s]uch measures often include agreements between the parties to litigate in another forum, to submit to service of process in that jurisdiction, to waive the assertion of any limitations defenses, to agree to discovery, and to agree to the enforceability of the foreign judgment". *Id.* (citations omitted). A return-jurisdiction clause assists in preventing defendants from circumventing these measures and ensures plaintiffs have the opportunity to proceed with the action in one of the forums.

Because, as the parties agree, the court did not include a return-jurisdiction clause, "[a]t a minimum, . . . the district court's ruling on [FNC]

7

must be vacated and remanded for the implementation of [that] clause". *Robinson*, 117 F.3d at 908.

## 2.

The scope of our remand, however, must go further. This is because a court also abuses its discretion in ruling on a motion to dismiss for FNC "when it summarily denies or grants a motion to dismiss without either written or oral explanation" or "fails to address and balance the relevant principles and factors of the doctrine". *Air Crash Disaster*, 821 F.2d at 1166–67 (citations omitted). Similarly, a court abuses its discretion by not holding a moving defendant to his burden on all elements of the FNC analysis. *See Raytheon*, 1998 WL 224531, at *4 (citation omitted). A district court's findings and conclusions, therefore, "must be complete, detailed, and explicit"; and it must identify and explain its resolution of any conflicts in the evidence. *CTF Cent. Corp. v. Inter-Cont'l Hotels Corp.*, No. 94-20841, 1995 WL 725353, at *7 (5th Cir. 13 Nov. 1995) (per curiam) (pursuant to Fifth Circuit Rule 47.5.4: precedential, even though unpublished, because issued before 1 January 1996).

As Rajet conceded at oral argument here, the court properly articulated the FNC legal framework. But its analysis under that framework, quoted in full as follows, stated only:

> The evidence shows that at least two forums are available to the plaintiff as it relates to the defendant -- Mexico and Texas. The evidence is also disputed that the Mexican forum is adequate for resolution of the parties' disputes, and that the parties will not be deprived of all remedies or otherwise be treated unfairly. *Alpine View Co.*, 205 F.3d at 221. [*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000).] Moreover, there is no evidence that Texas has an interest equal to or greater than that enjoyed by Mexico.
> Finally, the defendant has established that private and public interest[s] favor Mexico. Specifically, Mexico has a primary interest in the resolution of this dispute because all witnesses and documents are in Mexico, or subject to process there and, the

> witnesses['] testimony and the documentary evidence generally will require translations and/or interpretations that would unnecessarily extend the time and expense associated with a trial in Texas.

Order at 4. (In the light of the court's FNC ruling, it may have meant *undisputed*, not *disputed*, in the above sentence in the first quoted paragraph: "The evidence is also *disputed* that the Mexican forum is adequate for resolution of the parties' disputes, and that the parties will not be deprived of all remedies or otherwise be treated unfairly." (Emphasis added.))

Regarding the court's threshold finding that Mexico is an *available* alternative forum, it did not describe the "evidence" it used to reach this conclusion. And, regarding Mexico's availability *vel non* as a forum, it did not address the parties' dispute over the effect of Castillo's federal-court-imposed restrictions on his traveling outside the Southern District of Texas (from a separate and ongoing criminal matter). The court similarly did not identify the "evidence" it relied on in making its threshold *adequacy* finding.

Moreover, of the numerous private-interest and public-interest factors that require balancing as part of the FNC inquiry, the court's opinion briefly considered only two. Those two factors—practical concerns surrounding translations and/or interpretations and the location and availability of documents and witnesses—relate to private interests and are mentioned in a single, conclusory sentence.

Therefore, the court's order did not "address and balance the relevant principles and factors of the [FNC] doctrine" with the level of detail our precedent demands. *See CTF Cent. Corp.*, 1995 WL 725353, at \*7; *Air Crash Disaster*, 821 F.2d at 1166–67 (citations omitted). It also did not resolve conflicts in the above-described evidence provided by the parties, particularly where evidence cuts against its conclusions, *see CTF Cent. Corp.*, 1995 WL 725353, at \*7, which is vital where, as here, the parties provided conflicting

factual accounts. The court, therefore, abused its discretion on this issue. We vacate the dismissal on this FNC basis and remand to district court for further proceedings consistent with this opinion.

In doing so, and "[a]s is standard in such situations, we 'intimate no view as to what ultimate decision the court should make on the [FNC] issue'". *Royal Ten Cate USA, Inc. v. TT Inv'rs, Ltd.*, 562 F. App'x 187, 191 (5th Cir. 2014) (per curiam) (quoting *Baris*, 932 F.2d at 1552). Moreover, "[t]he district court is reminded: with regard to disputed issues of fact in a motion to dismiss for [FNC], the moving party retains the burden of proof regarding all issues", *CTF Cent. Corp.*, 1995 WL 725353, at *9 (citations omitted); and the court may take additional evidence from the parties in making its new FNC determination, *see, e.g.*, *Royal Ten Cate*, 562 F. App'x at 191; *Baris*, 932 F.2d at 1552. And, because we review FNC dismissals for clear abuse of discretion, not *de novo*, the district court is also reminded it must provide on remand thorough findings of fact and conclusions of law in making its new FNC decision. *See, e.g.*, *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 290 (5th Cir. 1989) (per curiam). Finally, should the court reach the same conclusion on remand, it is again reminded to include a return-jurisdiction clause in its new order of dismissal. *See, e.g.*, *Vasquez*, 325 F.3d at 675 (citation omitted).

## B.

Dismissals pursuant to Rule 12(b)(7) (failure to join a required party) are also reviewed for abuse of discretion. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438–39 (5th Cir. 2003) (citation omitted). A ruling "based on an erroneous view of the law" constitutes such an abuse of discretion. *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (citation omitted).

Rajet contends the court abused its discretion in *sua sponte* dismissing the action pursuant to Rule 12(b)(7) because it misapplied Rule 19 and

No. 19-20354

improperly determined unnamed Mexican parties were indispensable to this action. We agree.

In a diversity action, joinder is a question of federal law. *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) (citation omitted). Rule 12(b)(7) permits dismissal of an action for "failure to join a party under Rule 19", *see* Fed. R. Civ. P. 12(b)(7), with Rule 19's detailing the requirements for required-party joinder, *see* Fed. R. Civ. P. 19.

Rule 19 "requires a two-step inquiry" that "is a highly-practical, fact-based endeavor". *Hood*, 570 F.3d at 628 (citation omitted). "First a court must determine whether a party should be added under the requirements of [Rule] 19(a); then the court must determine [under Rule 19(b)] whether litigation can be properly pursued without the absent party . . . ." *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005) (citation omitted). "If the absent party should be joined under [R]ule 19(a), but the suit cannot proceed without that party under the requirements of [R]ule 19(b), the case must be dismissed." *Id.* And, although a party may move for a Rule 12(b)(7) dismissal, "[a] court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join". *Republic of Phil. v. Pimentel*, 553 U.S. 851, 861 (2008) (citations omitted).

For its *sua sponte* dismissal pursuant to Rule 12(b)(7), the court identified the relevant law but stated, without further explanation: "The Court has performed an appraisal of the facts and concludes that a necessary party to the resolution of this dispute is absent. The plaintiff has not presented any evidence, beyond its pleadings, that renders doubtful the Court's appraisal". Order at 6. The court did not then identify the indispensable party or parties, but it had stated earlier in its order that "individual Mexican citizens, includ[ing] L[u]camax, are indispensable parties over which the Court lacks jurisdiction". *Id.* at 2.

11

Such conclusory analysis is insufficient to justify a Rule 12(b)(7) dismissal. *See, e.g.*, *Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1007 (11th Cir. 2019) (per curiam) (noting a court "abused its discretion by not undertaking a complete Rule 19 analysis" and by not otherwise "adequately explain[ing] why [an entity] was an indispensable party"). This is particularly true given that the court ruled on the issue *sua sponte* and without affording the parties the opportunity to address it.

But even assuming *arguendo* the court's ruling contains sufficient analysis showing how its consideration of the various elements of Rule 19 justified its Rule 12(b)(7) dismissal, the court's application of Rule 19 cannot be correct. This is because Rule 19 relates to the specific action at bar. *See, e.g.*, Fed. R. Civ. P. 19(b) (emphasis added) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, *the action* should proceed among the existing parties or should be dismissed."). This action is between Rajet and Castillo over, *inter alia*, a claimed breach of contract. It goes without saying that Rule 19 is not the proper mechanism for reviewing whether that claimed contract existed or Castillo was a party to it. Rather, the rule is designed to evaluate whether a non-party either impedes the court's ability to "accord complete relief among existing parties" or has, among additional requirements, "claim[ed] an interest relating to the subject of the action"—the only two tests for determining whether a person is a required party under Rule 19(a). *See* Fed. R. Civ. P. 19(a)(1)(A)–(B).

That is not the case here: the court can otherwise afford Rajet relief, and no non-party has claimed any "interest relating to the subject of the action"— the claimed contract between Rajet and Castillo. *See* Fed. R. Civ. P. 19(a)(1)(B). The court's *sua sponte* Rule 12(b)(7) dismissal, therefore, was an abuse of discretion.

No. 19-20354

III.

For the foregoing reasons, the dismissals pursuant to FNC and Rule 12(b)(7) are VACATED; and this action is REMANDED to district court for further proceedings—including the FNC issues—consistent with this opinion.